**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed December 10, 2020.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

**NO. 14-20-00344-CV**

---

**IN RE KRISTEN S. MUNSCH, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CV-1214**

---

## MAJORITY OPINION

On April 30, 2020, relator Kristen S. Munsch filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jared S. Robinson, presiding judge of the 405th District Court of Galveston County, to vacate

his January 31, 2020 order granting the motion for new trial filed by real party in interest Joseph D. Devore. We deny the petition.

## BACKGROUND

Munsch and Devore were travelling east-bound on I-10, when Munsch rear-ended Devore in an automobile accident. Devore sued Munsch for negligence, and the case was tried to a jury. The jury answered "No" as to whether Munsch's negligence caused the accident, and the trial court signed a take-nothing final judgment.

Devore filed a motion for new trial, arguing that (1) the jury's verdict was against the great weight and preponderance of the evidence because Munsch admitted that she caused the accident; and (2) Munsch's defense counsel violated the trial court's rulings on motions in limine and made prejudicial and inflammatory statements to the jury. The trial court signed the new trial order on January 31, 2020, based on the arguments Devore raised in his motion for new trial. The new trial order reads as follows:

> After considering Plaintiff Joseph D. Devore's Motion for New Trial, the response, the pleadings, and arguments of counsel, the Court makes the following findings and conclusions:
>
> 1) The jury's finding was against the great weight and preponderance of the evidence by answering "no" to Question No. 1 of the Court's Charge, "Did the negligence, if any, of Kristin S. Munsch proximately cause the occurrence in question."
>
> 2) During examination of Defendant during the trial, Defendant admitted that she caused the wreck. She further admitted weather did not play a role in the crash, mechanical issues with her vehicle did not play a role in the crash, no health issues on her part caused the crash, she knew the importance of keeping a safe following distance and increasing that distance the faster one travels. She

2

admitted nothing Plaintiff did or failed to do caused or contributed to the wreck, had she kept a greater distance between her vehicle and Plaintiff's vehicle the wreck would not have happened, and it was foreseeable wrecks happen if one does not leave the appropriate distance between a driver and the vehicle in front of him/her.

3) In addition to the overwhelming evidence supporting a "yes" answer to negligence (Question No. 1), defense counsel on multiple occasions violated the Court's rulings on motions in limine and made extremely prejudicial and inflammatory statements to the jury not based on evidence in the case, including but not limited to, accusing Plaintiff of driving with a suspended license at the time of the crash.

4) The jury's answer to the negligence question (Question No. 1) conflicts with the evidence of the case presented at trial and the law of negligence by its finding that Defendant did not fail to take reasonable care to avoid causing injury or loss to another person and that the plaintiff has not suffered injury or loss which a reasonable person in the circumstances could have been expected to foresee (damage) that the damage was caused by the breach of duty (causation).

Therefore, the Court GRANTS the motion and orders a new trial.

Munsch brings this mandamus proceeding, asserting that the evidence is factually sufficient to support the jury's finding that Munsch was not negligent and any alleged violations of the order in limine by Munsch's counsel do not support the granting of a new trial.

## STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error

3

of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). New trial orders are subject to mandamus review. *In re Toyota Motor Sales, Inc.*, 407 S.W.3d 746, 758–59 (Tex. 2013) (orig. proceeding).

## NEW TRIAL ORDER

When granting a motion for new trial, the trial court must provide an understandable, reasonably specific explanation of the trial court's reasons for setting aside the jury's verdict. *In re Bent*, 487 S.W.3d 170, 173 (Tex. 2016) (orig. proceeding); *In re Columbia Med. Ctr., of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding). The trial court's stated reason for granting a new trial must be a legally valid reason and must also be specific enough to show that the trial court did not simply parrot a pro forma template, but rather derived the articulated reason from the particular facts and circumstances of the case at hand. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). Even if the new trial order meets the procedural requirements set forth by the Texas Supreme Court, the new trial order "cannot stand" if the underlying record does not support the trial court's articulated reasons. *Toyota Motor Sales, Inc.*, 407 S.W.3d at 758. Therefore, appellate courts may conduct a merits-based review of new trial orders. *Id.*

Munsch does not challenge the new trial order as being facially invalid but, instead, only challenges the merits of the new trial order. Therefore, we address whether the record supports the trial court's stated reasons for granting a new trial. *See id.*

4

## INCURABLE ARGUMENT

During cross-examination of Devore, defense counsel asked Devore when his license was suspended:

Q.  I noticed your friend here drove you here; is that correct?

A.  Yes, sir.

Q.  Will you tell the jury when your license was suspended?

Devore's counsel objected and the following exchange took place between the trial court and Devore's counsel:

MR. HOROWITZ:  Objection; Your Honor.  This is irrelevant. It's prejudicial.

THE COURT:  Sustained.

MR. HOROWITZ:  It has nothing to do with the facts --

THE COURT: Jury is going to disregard the last line of questioning.

Move on, Mr. Osborn.

MR. HOROWITZ:  I'd just ask the Court to instruct the jury to disregard it.

THE COURT:  I just did.

MR. HOROWITZ:  Oh, I'm sorry.

And ask the Court for a mistrial.

MR. OSBORN:  I have no further questions, Your Honor.

MR.  HOROWITZ:  Your Honor, I have no further questions.

\*     \*     \*

5

THE COURT: Mr. Horowitz, on the record, are you asking for a mistrial?

MR. HOROWITZ: I'm afraid if I do and you grant it, my client may not be happy with me.

THE COURT: I want to make sure --

MR. HOROWITZ: I did ask on the record for a mistrial.

THE COURT: You're asking for a minute to confer with your client?

MR. HOROWITZ: To confer with my client.

THE COURT: That's fine.

\* \* \*

MR. HOROWITZ: Thank you for the time, Your Honor.

While we believe that it would be appropriate at this time for the Court to grant one, we think in the interest of justice and judicial resources and this jury and the Court's time, we'd ask that the Court not grant a mistrial at this time.

THE COURT: Do you have any other requests that you do want to make?

MR. HOROWITZ: I do, but it's not – I'd ask the Court to hold its ruling on a mistrial until after we get the verdict.

I don't want to make a request for sanctions at this time. It's just not in my nature at this time.

\* \* \*

THE COURT: No. If he had asked for a mistrial, I would have granted it. If he would have asked for sanctions, I would have granted it.

6

The trial court told the jury to "disregard the last line of questioning" concerning the suspended license. Devore's counsel asked for a mistrial. Out of the presence of the jury, Devore's counsel, after consulting with Devore, asked "that the Court not grant a mistrial at this time." The trial court stated that, if Devore had asked for a mistrial, it would have granted a mistrial.

In his motion for new trial, Devore asserted with respect to defense counsel's argument:

> By its nature, degree, and extent, the argument constituted reversible, harmful error. . . . [T]he error was so prejudicial that it was not curable by an instruction to disregard, prompt withdrawal of the statement, or a reprimand from the Court. . . . The improper jury argument had a probable effect on a material finding and was prejudicial against Plaintiff.

Devore argues in this proceeding that the improper question created the impression that his license was suspended at the time of the accident and was suspended for any reason, including punishment for driving while under the influence or any other major driving violation. Devore also asserts that the question created the false impression that Devore had lied; that the real reason he suffered lost wages was due to the suspension of his license rather than pain and discomfort from the collision.

Error as to improper jury argument must ordinarily be preserved by a timely objection, which is overruled. *Living Ctrs. of Tex., Inc. v. Penalver*, 256 S.W.3d 678, 680 (Tex. 2008) (per curiam). Retraction of the argument or an instruction from the court can ordinarily cure any probable harm. *Id.* However, in rare instances, the probable harm or prejudice cannot be cured. *Id.* "A complaint of incurable argument may be asserted and preserved in a motion for new trial, even without a complaint

7

and ruling during the trial." *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009). "The injection of new and inflammatory matters into a case through argument has in exceptional instances been regarded as incurable by instruction." *Metro. Transit Auth. v. McChristian*, 449 S.W.3d 846, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979)). "Incurable argument includes appeals to racial prejudice; unsupported charges of perjury; unsupported, extreme, and personal attacks on opposing parties and witnesses; or baseless accusations of witness tampering." *Id.* (citing *Reese*, 584 S.W.2d at 839). The use of the epithets such as "liar," "fraud," "faker," "cheat", and "imposter" are recognized as incurable. *Reese*, 584 S.W.2d at 840. The party claiming incurable argument must demonstrate that, based on the record as a whole, the offensive argument was so extreme that a "juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument." *Phillips*, 288 S.W.3d at 883 (quoting *Goforth v. Alvey*, 271 S.W.2d 404, 404 (Tex. 1954)).

Devore, who makes his living by driving and making deliveries, testified that he was unable to work for 11 weeks due to injuries from the accident and is seeking lost wages of $1,600 per week for those 11 weeks. The question asked by defense counsel presumed Devore's license was suspended, because Munsch's counsel asked "when" Devore's driver's license was suspended. Defense counsel injected new "facts" into the case unsupported by any evidence. Defense counsel's question could have left the jury with the false impression that the real reason for Devore's lost wages was due to his suspended license rather than the pain and discomfort from the accident, which left him unable to drive. *See Reese*, 584 S.W.2d at 840. The jury was also left to speculate as to the reason that Devore's license was suspended,

8

such as a serious driving offense or offenses. The jury reasonably could have concluded Devore should not have been driving, or was an incompetent driver, and based on this assumption, found no negligence on the part of Munsch.

A juror of ordinary intelligence could have been swayed by defense counsel's question on Devore's suspended license to find that Munsch was not negligent when the juror would have found otherwise. *See Phillips*, 288 S.W.3d at 883. Considering the record as a whole, defense counsel's question posed to Devore on when his license was suspended could not be cured with an instruction to disregard and the record supports the trial court's granting a new trial on this ground. In light of our disposition on this ground, we need not address whether factually sufficient evidence supports the jury's finding that Munsch was not negligent.

## CONCLUSION

Munsch has not established that she is entitled to mandamus relief. Accordingly, we deny Munsch's petition for writ of mandamus.

/s/    Jerry Zimmerer
Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant. (Frost, C.J., dissenting).