**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 5, 2022.**



**In The**

**Fourteenth Court of Appeals**

**NO. 14-22-00646-CV**

**IN RE DANIEL DROR, II, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-31881**

**MEMORANDUM OPINION**

On September 7, 2022, Relator Daniel Dror, II ("Relator") filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Relator asks this Court to compel the Honorable C. Elliott Thornton, presiding judge of the 164th District Court of Harris County, to schedule a hearing on Relator's motion to dismiss plaintiffs' defamation and business disparagement claims pursuant to Chapter 27 of the Texas

Civil Practice and Remedies Code on or before September 22, 2022, or if the trial court is unable to do so due to the trial court's docket conditions, on or before October 21, 2022. In his sole issue, Relator contends that the trial court abused its discretion by refusing to hold a timely hearing on Relator's TCPA motion to dismiss despite Relator's reasonable requests to the trial court for that hearing and that Relator is entitled to relief because he does not have an adequate remedy by appeal. We conditionally grant the requested mandamus relief.

## BACKGROUND

On May 26, 2022, Real Parties in Interest Gabriela Dror, and on behalf of D.A.D., a minor child, and Gabriela Dror, LLC ("Real Parties"), plaintiffs in the trial court, filed defamation and business disparagement claims against Relator Dror. The Real Parties allege that Relator made defamatory statements regarding the Real Parties arising out of pending litigation concerning the probate of an estate.[1] Relator asserted counterclaims against real party Gabriela Dror for breach of contract, tortious interference, and conversion.

Relator filed a motion to dismiss plaintiffs' defamation and business disparagement claims under the Texas Citizens Participation Act ("TCPA"),[2] claiming the Real Parties' broad, unspecified allegations of defamation and

---

[1] On March 15, 2021, Relator's father, who also was Gabriela's husband and father to D.A.D., died. The probate of the estate is pending in probate court in Harris County.

[2] Strategic Lawsuits Against Public Participation ("SLAPP") are frivolous or meritless lawsuits filed by plaintiffs who attempt to silence or chill their critics' First Amendment activities. In 2011, Texas codified its anti-SLAPP statute, the Texas Citizens Participation Act, found at Chapter 27 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 27.001, *et seq*. The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id*. § 27.002.

business disparagement fall within the protections afforded by the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011.1. The record shows that Relator Dror served his TCPA dismissal motion on July 24, 2022, and filed it on July 25, 2022.

On August 11, 12, and 15, 2022, counsel for Relator emailed the trial court's staff to obtain a hearing date for the TCPA motion to dismiss. On August 15, 2022, the trial court's clerk provided a hearing date of January 11, 2023. Counsel responded that the proposed hearing date would not comply with the requirements of the TCPA. On August 16, 2022, counsel for Relator spoke with the trial court's assistant clerk by telephone, and the assistant clerk indicated that counsel would need to file a motion for emergency hearing in order to obtain a hearing date that complied with the statutory deadlines of the TCPA.

On August 22, 2022, following the assistant clerk's instruction, Relator filed a motion for emergency hearing on the motion to dismiss. Relator's counsel emailed the assistant clerk on August 23, 2022, to request that the motion be submitted to the trial court so that a hearing could be set on the motion to dismiss in accordance with the statutory deadlines of Chapter 27. The trial court's coordinator responded with the following, "This case has been set on our two-week trial docket beginning March 13, 2023 and a DCO has been issued." The trial court signed an order denying relator's motion for emergency hearing on August 23, 2022.

Prior to receiving the trial court's order denying an emergency hearing, on August 24, 2022, counsel for Relator filed a letter with the trial court advising the court of the status, the statutory compliance deadlines, and exchanges with the

3

court's staff and that a hearing in January 2023, and a trial setting in March 2023, will not satisfy the mandates of Chapter 27, which strictly require that a hearing on a motion to dismiss be scheduled no later than sixty days after the motion is served, or no later than ninety days after service of the motion if the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties.

On September 7, 2022, Relator filed his petition for writ of mandamus. On September 9, 2022, we requested Real Parties to file their response to the petition, if any, by September 14, 2022; however, they did not file a response.

## MANDAMUS STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 294; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Thus, the trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

Relator also must demonstrate that he does not have an adequate remedy at law, such as a remedy by an appeal. *See J.B. Hunt Transp.*, 492 S.W.3d at 299. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an

interlocutory ruling involves a balance of jurisprudential considerations that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotations omitted); *see also Prudential Ins. Co.*, 148 S.W.3d at 136. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *Prudential Ins. Co.*, 148 S.W.3d at 136.

## HEARINGS ON TCPA DISMISSAL MOTIONS

### A. SECTION 27.004 OF THE TEXAS CIVIL PRACTICES AND REMEDIES CODE

TCPA dismissal motions must be heard and resolved on an expedited basis. The hearing generally must be held within sixty days after the motion is served. Tex. Civ. Prac. & Rem. Code Ann. § 27.004(a). The deadline can be extended to ninety days if the court's docket conditions require it, good cause exists, or the parties agree to an extension. *Id*. § 27.004(a), (b). The deadline can be extended to 120 days if the trial court allows discovery, but that is the maximum extension permitted. *Id*. § 27.004(c).

Once a TCPA motion is heard, the trial court must rule on it within thirty days or the motion is denied by operation of law. *Id*. §§ 27.005(b), 27.008(a).

A TCPA movant forfeits the motion if he fails to get a timely hearing of his motion. *In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222, at *2 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.); (citing *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.)); *see also Wightman-Cervantes v. Hernandez*, No.

02-17-00155-CV, 2018 WL 798163, at *1 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.) (a TCPA motion is not overruled by operation of law, and no interlocutory appeal is permitted, if no hearing is held); *accord RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *1–2 (Tex. App.—Texarkana Aug. 29, 2019, no pet. h.) (mem. op.).

**B. TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO SET A TIMELY HEARING**

A trial court generally has a reasonable time within which to consider and rule on a motion. *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.). The circumstances of the case determine whether the court has acted within a reasonable time. *See id*. As set forth above, the TCPA presents special circumstances by requiring TCPA motions to be heard within strict deadlines, subject to limited extensions.

"Because the TCPA imposes strict deadlines on the hearing of a dismissal motion, and because a party forfeits its dismissal motion if the deadline runs before a hearing can be held, the trial court has less discretion to defer hearing a TCPA motion to dismiss." *Hebert*, 2019 WL 4509222, at *2. The trial court must set a TCPA motion to dismiss for hearing within the applicable statutory deadline (sixty, ninety, or one-hundred twenty days after service of the motion, depending on the circumstances) if the movant makes reasonable efforts to obtain a timely hearing. *Id*. We conclude that the record before the Court in this proceeding establishes that Relator made reasonable efforts to obtain a hearing, but was unsuccessful in obtaining a timely date from the trial court.

6

Thus, we conclude the trial court abused its discretion by refusing to set and conduct a hearing on Relator's TCPA motion to dismiss within the applicable statutory deadlines.

## C. RELATOR HAS SHOWN HE HAS NO ADEQUATE REMEDY BY APPEAL

Moreover, we conclude that Relator has no adequate remedy by appeal. A main purpose of the TCPA is to achieve the expeditious dismissal of unmeritorious cases that come within its purview. *See In re Lipsky,* 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding) (noting that TCPA creates "a special procedure for the expedited dismissal" of covered suits). If we do not correct the trial court's error now, Relator's dismissal motion will be forfeited, at least for purposes of the TCPA's expedited dismissal procedure and accompanying interlocutory appellate remedy. *See* Tex. R. Civ. P. § 51.014(a)(12) (allowing interlocutory appeal from order denying TCPA dismissal motion); *see also Braun*, 2017 WL 4250235, at *3 (defendant forfeits TCPA's protections if it does not timely file its motion "and obtain a hearing"). For these reasons, this is a case in which mandamus review is "essential to preserve important substantive and procedural rights from impairment or loss." *Prudential Ins. Co.*, 148 S.W.3d at 136. Accordingly, we conclude that Relator lacks an adequate remedy by appeal. *Cf. Braun,* 2017 WL 4250235, at *3 n.4 (noting that appeal did not present question of whether movant would be entitled to mandamus relief if trial court refused to set timely hearing).

## CONCLUSION

We hold that Relator has established that the trial court abused its discretion by refusing to hold a timely hearing on Relator's TCPA motion to dismiss despite Relator's reasonable requests to the trial court for that hearing and that Relator

does not have an adequate remedy by appeal. Therefore, we conditionally grant the requested mandamus relief and direct the trial court to set Relator's TCPA dismissal motion for hearing no later than October 21, 2022. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Justices Spain, Poissant, and Wilson.