**Case Reinstated, Petition for Writ of Mandamus Conditionally Granted, and Memorandum Opinion filed February 16, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00387-CV

---

## IN RE METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-33529**

---

## MEMORANDUM OPINION

Relator Metropolitan Transit Authority of Harris County, Texas filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Tamika Craft-Demming, presiding judge of the 189th District Court of Harris County, to vacate the trial court's February 7, 2023 "Order Denying METRO's Motion to Compel Plaintiff to Execute Medical/Medicare/Insurance

Authorizations and Respond to Interrogatories Nos. 9 and 12."[1]  We determine that relator is entitled to relief.  *See* Tex. R. App. 52.8(c).

## BACKGROUND

On June 4, 2021, Ruiz filed the underlying lawsuit against METRO for claims involving personal injuries arising from a motor vehicle accident with a METRO bus in August 2020.  In her petition, Ruiz asserted that she "was caused to suffer injuries to her head, neck, spine, shoulders, arms, wrists, back, hips, legs and ankles, and to incur the following damages in the amount of $417,000.00 and property damage in the amount of $25,000.00."  Ruiz claimed in her initial disclosures that she has approximately $94,137.76 in medical expenses arising from the accident.

On August 18, 2021, METRO propounded written discovery to Ruiz, inquiring about prior claims and the identity of all healthcare providers who treated Ruiz within five years of the August 8, 2020 incident.  METRO also sought executed medical and insurance authorizations from Ruiz.  On September 20, 2021, Ruiz made the following responses and objections to interrogatory numbers 9 and 12:

> Interrogatory 9:
>
> 9. Other than those listed above, identify by name and address any other medical care facilities in which you have been treated or examined and any healers, physicians, medical doctors, osteopaths, chiropractors, or other healthcare providers who have examined or treated you for any injury or illness in the five (5) years immediately

---

[1] Originally, relator requested mandamus relief from respondent Scot Dollinger's May 16, 2022 order denying relator's motion to compel.  Because Judge Dollinger ceased to hold office after December 31, 2022, this Court abated the proceeding to permit respondent's successor, the Honorable Tamika Craft-Demming, to consider the decision regarding relator's request for relief.

prior to the incident and since the incident made the basis of this lawsuit.

Answer: Plaintiff has no responsive information at this time.

Interrogatory 12:

12. Have you filed any type of claim for being injured during the ten years prior to this incident or since this incident? If so, state with whom, the year, and the nature of the injury.

Answer: Plaintiff is unable to comply with the discovery request because it is vague, unclear, and thus, Plaintiff cannot determine with reasonable specificity the information requested. The discovery request is overly broad, lacks definition, or is not reasonably limited in scope or time. Plaintiff has not been given a sufficient amount of time for compliance with the request. The discovery request is unreasonably cumulative or duplicative. The information sought by the discovery request[] is obtainable from some other source that is more convenient, less burdensome, or less expensive. The burden or expense of compliance with the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery request in resolving the issues. The discovery request asks for information, or for documents or other tangible things, that are not within the possession, custody, or control of Plaintiff. The information sought by the discovery request has already been provided by Plaintiff in another form. The discovery request[] is unreasonably frivolous, oppressive, or harassing. The discovery request calls for data or information that exists in electronic or magnetic form, which cannot be obtained, retrieved or produced through reasonable efforts in the form requested, as provided by Rule 196.4 of the Texas Rules of Civil Procedure. If an order is entered herein directing Plaintiff to comply with such request, Plaintiff requests that the requesting party pay the reasonable expenses required to retrieve and produce the information. The discovery request is an invasion of personal, constitutional, or property rights. The discovery request asks for information that is not relevant and is not reasonably calculated to lead to the discovery or [sic] admissible

evidence. Defendant objects to this request to the extent that same requires a narrative response not suitable for an interrogatory. As phrased, this request appears to be a "fishing expedition" designed for the sole purpose of fishing for information and/or otherwise requiring Defendant to provide a statement of all of its available proof.

With respect to the request to provide executed authorizations, Ruiz made no objection and indicated "please see attached executed authorization." Ruiz, however, did not provide the executed authorizations with her production responses.

METRO filed a motion to compel, seeking Ruiz's full response to Interrogatories 9 and 12, and executed medical and insurance authorizations. METRO argued that Ruiz's responses to written discovery were late and, consequently, Ruiz waived any objections.[2] METRO contended that Ruiz claimed injury to her shoulders, neck, chest and lower back as a result of a "minor impact which merely caused a scratch[] on the bumper of her vehicle." In support of its contention, METRO attached a picture of the damage to Ruiz's vehicle which was taken at the scene. METRO further argued that Ruiz had been "less than candid" in her sworn answers to interrogatories. METRO noted that during Ruiz's deposition on April 19, 2022, she testified that she had been involved in prior automobile accidents in 2017, 2018 and 2019, for which she had made personal injury claims against third parties and/or her auto insurer, State Farm Insurance Company; however, Ruiz testified that she was unable to recall where she had been treated for her prior medical complaints, except for treatment in 2019 at West Houston Medical Hospital. Next, METRO asserted that an Insurance Service Office ("ISO")[3] claim

---

[2] Ruiz's responses were due on September 17, 2021 (30th day) but were not sent until September 20, 2021.

[3] The ISO provides insurance companies claim information made by an individual.

search on Ruiz revealed six prior claims since 2017.[4] METRO attached as an exhibit to its motion, the ISO insurance claim search on Ruiz and three "medical and insurance authorizations." METRO maintained that to properly evaluate Ruiz's alleged injuries in this matter, as well as, the cause of such alleged injuries, a jury needs to see all of Ruiz's medical records, especially records from prior automobile accidents and claims for injury because Ruiz has alleged the same injuries in this lawsuit as she has asserted in prior claims.

In her response to the motion to compel, Ruiz claimed that she answered interrogatory number 9 to the best of her ability. She further asserted that she testified at her deposition that she could not remember the names of her prior healthcare providers. Thus, Ruiz maintained that her answer "Plaintiff has no responsive information at this time" was appropriate because she had no recollection of these providers. As for interrogatory number 12, Ruiz asserted her discovery objections "are valid." Lastly, Ruiz contended that the requested authorizations were previously signed and returned to METRO.

---

[4] The ISO report revealed that on May 9, 2017, Ruiz was involved in an automobile collision and made claims for "back pain." On October 20, 2017, Ruiz was involved in another automobile collision and made claims for "arm/neck/back/chest/ankle/back" pain. On October 13, 2018, Ruiz was involved in another automobile collision and made claims that are not detailed in the ISO report. On December 22, 2019, Ruiz was involved in an automobile collision and made injury claims for "head injury-other, leg injury-left leg injury" and was transported by EMS to HCA Houston West. On April 4, 2020, Ruiz was involved in another automobile collision for which she claimed injuries of "headaches, neck and back pain." The ISO reports indicated that Ruiz was treated by several healthcare providers for the April 2020 incident, including Altus Houston Hospital, Sterling Initiatives, Horizon Chiropractor, Wooodlake MRI and Diagnostic Imaging, Alliance Medical Specialists, and Sterling Pharmacy.

On May 16, 2022, without the necessity of an oral hearing, the trial court denied METRO's motion to compel. This petition for writ of mandamus followed.

Because Judge Dollinger ceased to hold office after December 31, 2022, this Court abated the proceeding to permit respondent's successor, the Honorable Tamika Craft-Demming, to consider the decision regarding relator's request for relief.

On February 7, 2023, Judge Craft-Demming signed an "Order Denying METRO's Motion to Compel Plaintiff to Execute Medical/Medicare/Insurance Authorizations and Respond to Interrogatories Nos. 9 and 12."

We reinstate this original proceeding.

## MANDAMUS STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293–94 (Tex. 2016) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 294; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). Thus, the trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

6

Relator also must demonstrate that it does not have an adequate remedy at law, such as a remedy by an appeal. *See In re J.B. Hunt Transp.*, 492 S.W.3d at 299. The adequacy of appeal as a remedy for an alleged clear abuse of discretion in an interlocutory ruling involves a balance of jurisprudential considerations that "implicate both public and private interests." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotations omitted); *see also In re Prudential Ins. Co.*, 148 S.W.3d at 136. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co.*, 148 S.W.3d at 136.

"[A]n appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992); *accord Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995).

## ABUSE OF DISCRETION

METRO argues, when the trial court denied its motion to compel Ruiz to fully answer interrogatories regarding prior injury claims and medical treatment as well as execute medical, Medicare, and insurance authorizations, that the trial court abused its discretion. METRO contends that Ruiz's medical expenses of $94,137.76 are not in line with the very minor impact that occurred in August 2020 between Ruiz and the METRO bus. The photographs showing minimal damage (a scratch on the fender of Ruiz's vehicle) corroborate METRO's contention. METRO further asserts that its medical expert has indicated that "it is unclear to this reviewer how Ms. Ruiz sustained so many injuries in so many different locations as a result of this

7

type of incident." Moreover, METRO maintains that the ISO claim report presented by METRO as part of its motion to compel indicated several claims made by Ruiz, including an incident that happened just four months before the METRO incident, which Ruiz did not provide information about in her sworn response or at her deposition. METRO contends that this demonstrates Ruiz's lack of candor. METRO asserts that Ruiz has Medicaid, and it believes that Ruiz had Medicaid at the time of the 2017 accident. METRO contends that since Ruiz lacks information about these prior accidents, a medical authorization release to obtain Medicaid records would show who treated her, when, and the records and costs of such treatment. As for interrogatory number 12, METRO asserts that Ruiz's objections were untimely and, thus, waived. Additionally, METRO argues that Ruiz's objections improperly attempt to evade the discovery requested by asserting that the information has already been provided without demonstrating where or how it was provided.

In her response to the petition for writ of mandamus, Ruiz argues that "the trial court did not abuse its discretion because it refused to compel responses to written discovery it had never seen before." Ruiz maintains that because METRO did not attach as an exhibit the requested written discovery and/or Ruiz's answers, the trial court did not have a proper record before it on which to base its decision. Thus, Ruiz maintains that the trial court did not err in denying METRO relief. Ruiz did not address in her response to the petition for writ of mandamus the medical authorizations and her failure to execute the same.

METRO asserts in its reply that Ruiz's claim that the trial court had not seen the discovery requests in simply false. METRO contends that the requests, with responses, were directly before the trial court as they were inserted verbatim in the

8

body of the motion to compel. METRO argues that Ruiz provides no authority for requiring an exhibit with all discovery responses despite those at issue being presented in the body of the motion. METRO also maintains that Ruiz offers no support for her failure to make timely objections, or support for reasonable objections being obscured by numerous unfounded objections, and offers no argument that good cause was shown for waiver.

METRO has established that the discovery requested (both interrogatories and completed authorizations) is central to METRO's defense in this case, as the requested discovery provides a record of Ruiz's medical history from prior accidents. Contrary to Ruiz's contention, the trial court had the relevant discovery requests and responses as they were fully incorporated in the body of the motion to compel. In fact, in Ruiz's response to the motion, Ruiz referenced the trial court to "Plaintiff's objections included in Defendant's motion." Ruiz provides no authority for her current contention before this Court that the discovery was required to be attached as an exhibit to METRO's motion to compel.

METRO has demonstrated Ruiz's answer to interrogatory number 9 (*i.e.*, that she had no responsive information at this time) was less than forthcoming. Ruiz testified at deposition that she was involved in accidents in 2017, 2018, and 2019, but was unable to recall any details about her injuries or treatment. None of Ruiz's medical records from the prior accidents were available or provided to METRO, and her interrogatory answers were silent as to any prior accidents. Even after providing vague information at her deposition, Ruiz never supplemented her interrogatory answers. Additionally, the ISO claim report presented by METRO as part of the motion to compel revealed Ruiz had made claims from losses on April 4, 2020, December 12, 2019, October 31, 2018, and October 20, 2017.

Moreover, METRO has demonstrated that that Ruiz's responses and/or objections to its written discovery were untimely as they were provided more than 30 days after service. *See* Tex. R. Civ. P. 193.2(e); 197.2(a) (written responses due within 30 days after service of the interrogatories). Ruiz's conclusory declaration that her responses were timely is not supported by the record. As such, Ruiz waived her objections to interrogatory number 12.

Finally, METRO has demonstrated that, although no objection was lodged, Ruiz did not provide the executed authorizations to METRO. Ruiz has made no argument before this Court as to why they should not be provided.

For these reasons, we conclude that the trial court abused its discretion when it denied METRO's motion to compel.

### NO ADEQUATE APPELLATE REMEDY

METRO has established that mandamus is the appropriate remedy because its ability to present a viable defense of Ruiz's medical claims at trial would be vitiated or severely compromised without the requested discovery. *See Walker*, 827 S.W.2d at 843. Accordingly, we conclude that METRO does not have an adequate appellate remedy for the trial court's discovery error. *See id*.

### CONCLUSION

We conclude that the trial court abused its discretion by denying METRO's motion to compel and that METRO does not have an adequate remedy by appeal. Accordingly, we determine that METRO is entitled to the requested relief and order the trial court to: (1) vacate its February 7, 2023 order denying METRO's motion to compel plaintiff to execute medical and insurance authorizations and respond to interrogatories Nos. 9 and 12; and (2) grant METRO's motion to compel and permit

the discovery sought in that motion. We are confident the trial court will act in accordance with this opinion and will order the clerk of this court to issue a writ of mandamus only if the trial court fails to comply.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.