

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-22-00753-CV

**IN RE JUNIPER VENTURES OF TEXAS, LLC**

Original Mandamus Proceeding[1]

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: March 8, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, Relator Juniper Ventures of Texas, LLC ("JVT") complains the trial court abused its discretion by granting Real-Party-in-Interest Josefa Delgadillo's motion to compel net worth discovery of JVT. We conditionally grant JVT's petition for writ of mandamus.

### BACKGROUND

The underlying premises liability personal injury lawsuit arises out of Delgadillo's alleged slip and fall on JVT's premises. On August 27, 2021, Delgadillo filed her original petition generally alleging that she is disabled, that JVT's premises was not in compliance with Texas law, and that at the time she was injured, JVT knew the premises did not comply with Texas law. In

---

[1] This proceeding arises out of Cause No. 2021CI17726, styled *Josefa Jara Delgadillo vs. Juniper Ventures of Texas, LLC d/b/a Fischer's Neighborhood Market #21*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

her original petition, Delgadillo sought over $1,000,000 in actual damages, but she did not plead for exemplary damages. Delgadillo then served JVT with a notice of intent to take deposition by written questions, seeking in part to obtain JVT's financial records for the years 2020 and 2021. In response, JVT moved to quash Delgadillo's notice, arguing Delgadillo was not entitled to such information because she had not pled for exemplary damages or obtained an order to conduct net worth discovery. Subsequently, Delgadillo corrected both these deficiencies by (1) amending her petition to include claims for gross negligence and exemplary damages, and (2) filing a motion to compel, requesting the trial court order JVT to respond to the net worth discovery.

As evidence in support of her motion to compel, Delgadillo attached (1) her notice of intent to take deposition by written questions, which included a request for JVT's 2020 and 2021 financial records; (2) an expert report and supplemental expert report by Norm Cooper; and (3) a photograph of where the alleged injury occurred. Delgadillo argued she had established a prima facie case and a substantial likelihood she would be successful on the merits of her claim because: (1) she is a disabled person; (2) the premises at issue did not comply with Texas law; (3) JVT failed to properly supervise or control its employees, which caused hazardous material to accrue on the premises; and (4) JVT had actual subjective awareness of the risk involved and knew that allowing hazardous material to accrue on the premises was dangerous and reckless but JVT did not take corrective action. In response, JVT argued the trial court should deny Delgadillo's motion because: (1) Delgadillo did not produce evidence to support a necessary element of her gross negligence claim; (2) Delgadillo did not produce evidence or otherwise show gross negligence could be imputed to a corporation in this case; and (3) the evidence establishes Delgadillo was not

disabled at the time of the alleged slip and fall. After a hearing, the trial court granted Delgadillo's motion.[2]

On November 7, 2022, JVT filed a petition for writ of mandamus asserting the trial court abused its discretion by granting Delgadillo's motion. We requested responses from the trial court and Delgadillo. Delgadillo filed a response.

## ANALYSIS

### *Standard of Review*

A writ of mandamus may issue if a relator establishes that the trial court clearly abused its discretion and that it lacks an adequate appellate remedy. *See In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). A trial court's failure to correctly analyze or apply the law is an abuse of discretion. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding). Settled Texas jurisprudence maintains "a party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding). Thus, "[m]andamus relief is available when the trial court compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

### *Applicable Law*

The Texas Rules of Civil Procedure define the general scope of discovery "as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig.

---

[2] JVT filed a motion for reconsideration, which the trial court denied.

proceeding) (quoting TEX. R. CIV. P. 192.3(a)). The scope of discovery permitted by the trial court is reviewed for an abuse of discretion. *See id.*

While parties may generally engage in discovery without the need for court intervention, the discovery of net worth information requires a written court order before any discovery may take place. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0115(a); *In re WTG Fuels, Inc.*, No. 11-19-00390-CV, 2020 WL 205254, at \*3 (Tex. App.—Eastland Jan. 13, 2020, orig. proceeding) (mem. op.) (noting a claimant is allowed to pursue net worth discovery only after obtaining a written order). By statute, "[o]n the motion of a party and after notice and a hearing, a trial court may authorize discovery of evidence of a defendant's net worth if the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages." TEX. CIV. PRAC. & REM. CODE ANN. § 41.0115(a). Exemplary damages are "any damages awarded as a penalty or by way of punishment but not for compensatory purposes." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(5).

### *Application*

In its petition for writ of mandamus, JVT argues we should grant mandamus relief because the evidence presented by Delgadillo failed to establish by clear and convincing evidence a "substantial likelihood of success" on the merits of her gross negligence claim. Delgadillo responds that clear and convincing is the standard for recovery at trial, not the standard for pretrial discovery. We agree with Delgadillo. According to section 41.0115(a)'s plain language, to be entitled to net worth discovery, the movant need only show "a substantial likelihood of success on the merits." *In re Bella Corp.*, 648 S.W.3d 373, 377 (Tex. App.—Tyler 2021, orig. proceeding). "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain*, success." *Id.* at 378 (quoting *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005)) (emphasis in original). Thus, under our abuse of discretion standard,

the question before us is whether there is some evidence from which the trial court could have reasonably concluded Delgadillo demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages.[3] *See id*. at 382, 386.

### A.  Substantial Likelihood of Success on the Merits

As pled in this case, to prevail on a claim for exemplary damages, Delgadillo must show that her harm results from gross negligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a). "Gross negligence consists of both objective and subjective elements." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Both elements must be satisfied for a finding of gross negligence to be proper. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11). "[G]ross negligence may be proven by direct or circumstantial evidence." *Bella*, 648 S.W.3d at 385.

"A corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "A corporation is liable for punitive damages if it authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent." *Id*. In the present case, for net worth discovery to be proper, Delgadillo must have shown a substantial likelihood that (1) when viewed objectively from JVT's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) JVT had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *See U-Haul Int'l.*, 380 S.W.3d at 137; *Bella*, 648 S.W.3d at 385. A trial court abuses its discretion by authorizing net

---

[3] We note that JVT cites dicta from *In re Boone*, 629 S.W.3d 372, 375 (Tex. App.—San Antonio 2020, orig. proceeding), for the proposition that the clear and convincing evidentiary standard applies in a mandamus proceeding like this one. To the extent *Boone* may be misconstrued as applying a clear and convincing standard, we decline to follow the dicta in *Boone*.

worth discovery if a claimant fails to demonstrate a substantial likelihood of success in proving either element of gross negligence. *See Bella*, 648 S.W.3d at 386.

In our review, we are limited to the evidence submitted to the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0115(a), (c). In reviewing the evidence attached to Delgadillo's motion to compel, we conclude the evidence may support her contention that the state of JVT's premises is in conflict with Texas law. However, the evidence fails to provide any proof of JVT's actual subjective awareness. While the expert reports provided by Delgadillo indicate JVT is responsible for the alleged defects on its premises, the reports fail to identify evidence that demonstrates a substantial likelihood of establishing that JVT, as a corporation, had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference.[4] *See U-Haul Int'l.*, 380 S.W.3d at 137-38 (holding actual knowledge cannot be imputed to a corporation absent actual proof by management). There is simply no evidence from which the trial court could have reasonably found that Delgadillo demonstrated a substantial likelihood of success in establishing the subjective element of gross negligence. *See Bella,* 648 S.W.3d at 385-86. Absent evidence of this subjective component, we need not address the objective component. *Id.* at 386.

### CONCLUSION

Having determined Delgadillo did not present any evidence to support a finding of substantial likelihood of success on the merits of an exemplary damages claim, we conclude the trial court abused its discretion by granting her motion to compel discovery as to JVT's net worth.

---

[4] In her mandamus response brief, Delgadillo argues a report authored by an employee of JVT establishes the subjective element of the gross negligence analysis. The employee report was not before the trial court as evidence in support or opposition to Delgadillo's motion. Therefore, we do not consider it in our review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0115(c) ("When reviewing an order authorizing or denying discovery of net worth evidence under this section, the reviewing court may consider only the evidence submitted by the parties to the trial court in support of or in opposition to the motion[.]").

*See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 41.003(a), 41.0115(a). Additionally, we conclude JVT is without an adequate remedy by appeal because an appellate court would not be able to cure the improper discovery order. *See In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding) (per curiam). Therefore, without reaching the parties' remaining arguments, we conditionally grant JVT's petition for writ of mandamus and direct the trial court to vacate its September 20, 2022 order granting Delgadillo's motion to compel net worth discovery within fifteen days of the issuance of this opinion. *See* TEX. R. APP. P. 47.1.[5] The writ will issue only if the trial court fails to comply.

Liza A. Rodriguez, Justice

---

[5] The underlying order, signed by the trial court on September 20, 2022, is titled "Order Granting Plaintiff's Motion to Compel Net Worth Discovery For Gross Negligence Claims Against Juniper Ventures of Texas, LLC."