# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0122

═══════════

IN RE MELISSA DAWSON

═══════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════

**PER CURIAM**

In this original proceeding, the relator, Melissa Dawson, seeks a writ of mandamus. On March 5, 2014, Dawson was sitting at a table at Mary's Outpost #1, a bar and restaurant in Grand Prairie, when a television fell from the wall, striking and injuring her. Nineteen months later, Dawson sued Mary's owner and operator, Two for Freedom, LLC, for her injuries. Upon serving Two for Freedom with her original petition, Dawson also propounded a request for disclosures, interrogatories, and requests for production. The responses to these discovery requests were due December 29, 2015,—nearly three months before the running of limitations—but Dawson agreed to an extension until January 15, 2016.

As far as this original proceeding goes, these are the relevant portions of Two for Freedom's initial disclosure responses:

- Rule 194.2(a): The correct names of the parties to the lawsuit.

  Response: [Two for Freedom] believes the parties have been correctly named.

- Rule 194.2(b): The name, address, and telephone number of any potential parties.

Response: None.

- Rule 194.2(c): The legal theories and, in general, the factual bases of the responding party's claims or defenses . . . .

  Response: . . . [Two for Freedom] would show that the matters complained of . . . were, as to [Two for Freedom], wholly unavoidable and without any negligence on the part of [Two for Freedom]. . . . Additionally, and in the alternative, [Dawson's] injuries . . . were caused by persons or entities beyond [Two for Freedom's] control or employ, which were the sole cause and/or a proximate cause of such pled injuries. . . . [Two for Freedom] asserts its right to proportionate responsibility, comparative fault, contribution, indemnity, and/or credit pursuant to Chapter 22 and 23 of the TEX. CIV. PRAC. & REM. CODE.

- Rule 194.2(*l*): The name, address, and telephone number of any person who may be designated as a responsible third party.

  Response: Defendant will supplement.

Dawson's interrogatory number six is also relevant. In it, Dawson sought "the name and address of the individual(s) who installed the television that is the subject of this suit and the date on which such installation took place." Two for Freedom answered: "The television in question was installed by Michael Graciano." Two for Freedom's answer to interrogatory number six was the only mention of Graciano by name before the statute of limitations ran on Dawson's claims. Two for Freedom did not supplement its discovery responses before limitations expired.

On March 21, 2016, more than two weeks after limitations expired, Two for Freedom moved for leave to designate Graciano as a responsible third party. In its motion, it alleged that Graciano installed the television "in his individual capacity as an independent contractor." Two for Freedom also supplemented its discovery responses:

- Rule 194.2(b): The name, address, and telephone number of any potential parties.

  Response: Michael Graciano. . . .

- Rule 194.2(e): The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each individual person's connection with the case.

  Response: . . . . Michael Graciano. . . . Individual who installed the television involved in the accident in question.

- Rule 194.2(*l*): The name, address, and telephone number of any person who may be designated as a responsible third party.

  Response: Michael Graciano. . . .

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant may not designate a responsible third party after limitations has expired "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party." TEX. CIV. PRAC. & REM. CODE § 33.004(d). Dawson opposed the motion for leave on this ground. She argued that Two for Freedom's failure to supplement its request-for-disclosure responses before limitations ran barred it from designating Graciano. But the trial court granted leave. And after the court of appeals denied Dawson's request for mandamus relief, she filed this proceeding.

A writ of mandamus will issue only if the trial court clearly abused its discretion and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law . . . ." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (footnote omitted) (internal quotations omitted). In addition, because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails

3

to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

The Civil Practice and Remedies Code permits defendants to designate responsible third parties, which it defines as persons who are "alleged to have caused or contributed to causing . . . the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6); *see also id.* § 33.004(a). When a responsible third party is designated, the apportioning of responsibility can affect "the amount of recovery available to a plaintiff from the named parties." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 77 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Such a designation enables a defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014).

A plaintiff has the option to counter the impact of a responsible third party's designation by joining the "party as an additional defendant." *Id.* In this way, all potentially culpable parties appear before the court, defend themselves, and face potential liability for their portion of responsibility. *Id.* But a plaintiff may not join a "designated responsible third part[y] outside the limitations period." *Molinet v. Kimbrell*, 356 S.W.3d 407, 416 (Tex. 2011). And when a plaintiff is so barred, "an imbalance in the proportionate[-]responsibility framework" may arise. *Id.* "[W]hile the defendant may potentially cut down liability by blaming the third party, the plaintiff is precluded by limitations from seeking recovery on the basis of that third party's fault." *Withers*, 13 F. Supp. 3d at 689.

4

To prevent this imbalance, the legislature has promulgated restrictions on a defendant's ability to designate a responsible third party. *See CVR*, 500 S.W.3d at 73 (describing the designation requirements as "'procedural safeguard[s]' that prevent a defendant from undercutting 'the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery'" (alteration in original) (quoting *Withers*, 13 F. Supp. 3d at 689)). A defendant's motion to designate a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a). And once the applicable limitations period has expired on the plaintiff's causes of action with respect to the third party, a defendant may not designate "the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *Id.* § 33.004(d). With these principles and provisions in mind, we first examine the trial court's ruling for an abuse of discretion.

Dawson argues that until limitations had run, Two for Freedom had not adequately notified her that it might designate Graciano as a responsible third party. But Two for Freedom insists that two of its initial discovery responses were sufficient to put Dawson on notice. First, in its initial disclosures, Two for Freedom alleged that "persons or entities beyond [its] control or employ[] . . . were the sole cause and/or a proximate cause" of Dawson's injuries. Second, in its answer to interrogatory number six, Two for Freedom alerted Dawson that Graciano installed the television and, therefore, was potentially responsible for her injuries. These responses, Two for Freedom argues, satisfied its obligation "to timely disclose that [Graciano] may be designated as a

5

responsible third party" and thus excused its failure to designate him until after limitations had passed. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(d).

Dawson responds that before limitations ran, Two for Freedom disclosed only that Graciano installed the television. Moreover, it failed to disclose that he was an independent contractor and not its employee or agent. She argues that lying behind the log in this fashion is exactly the sort of abuse section 33.004(d) is meant to prevent. Two for Freedom maintains, however, that its initial discovery responses put the onus on Dawson to consider Graciano's potential liability, including whether he was an employee, agent, or independent contractor of Two for Freedom.

But we do not believe that Two for Freedom's initial discovery responses satisfied its obligation to give Dawson timely notice of whom it intended to designate as a responsible third party. Rule 194.2(*l*) required Two for Freedom to disclose "the name, address, and telephone number of any person who may be designated as a responsible third party." TEX. R. CIV. P. 194.2(*l*). The only response Two for Freedom gave to that request before limitations ran was "Defendant will supplement." Even after limitations had passed, Two for Freedom disclosed only Graciano's name and phone number; the record does not show it ever provided his address.

The rules require parties to timely respond to written discovery with "a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made." *Id.* 193.1. The rules also require a party to supplement a response when it learns the response "was incomplete or incorrect when made" or has become so since it was made. *Id.* 193.5(a). And the rules don't allow a party to drag its feet—the supplemental or amended response

6

must be provided "reasonably promptly after the party discovers the necessity for such a response." *Id.* 193.5(b).

Perhaps the better course would've been for Dawson to independently investigate the extent of Graciano's involvement before limitations expired. But a plaintiff's determination of "who may be designated as a responsible third party" doesn't require such an independent investigation. *See id.* 194.2(*l*). The rules require the defendant to disclose that information upon request. *See id.* Two for Freedom argues it accomplished that disclosure by mentioning Graciano's name in one place, including boilerplate language about unnamed "persons or entities" it purported caused Dawson's injuries in another, and answering "will supplement" to a direct inquiry into the identity of possible responsible third parties.

We hold these responses did not satisfy Two for Freedom's obligations under Rule 194.2(*l*) and section 33.004(d). And we further hold that in granting leave for Two for Freedom to designate Graciano as a responsible third party after limitations had expired, the trial court abused its discretion. *See Prudential*, 148 S.W.3d at 135.

We now turn to whether Dawson has an adequate remedy by appeal. In this regard, we find our recent decision in *In re Coppola*, 535 S.W.3d 506 (Tex. 2017) (orig. proceeding) (per curiam), to be instructive. *In re Coppola* was also a mandamus case concerning a defendant's attempt to designate a responsible third party. *Id.* at 507. But in that case, the trial court had denied the defendants' timely motion for leave to designate. *Id.*

We first determined that the trial court had abused its discretion in denying the motion. *See id.* at 508. Then we considered whether the defendants had an adequate remedy by appeal, an issue we had "not previously considered in the context of a section 33.004 responsible-third-party

7

designation." *Id.* at 509. We held that "[a]llowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record.'" *Id.* (second alteration in original) (quoting *CVR*, 500 S.W.3d at 81–82). So, we declared that "ordinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *Id.* at 510.

"The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). The right in *In re Coppola* was the defendants' "significant and substantive right to allow the fact finder to determine the proportionate responsibility of all responsible parties." 535 S.W.3d at 509. In this case, Dawson seeks to protect her right, prescribed in section 33.004(d) of the Texas Civil Practice and Remedies Code, to not have to try her case against an empty chair. *See CVR*, 500 S.W.3d at 73 (describing section 33.004(d) as a "'procedural safeguard[]' that prevent[s] a defendant from undercutting 'the plaintiff's case by belatedly pointing its finger at a time-barred responsible third party against whom the plaintiff has no possibility of recovery'" (quoting *Withers*, 13 F. Supp. 3d at 689)). We conclude that mandamus will lie to protect that right in this circumstance.

Moreover, even though mandamus is not an equitable remedy, equitable principles largely govern its issuance. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). And "what's sauce for the goose is sauce for the gander." *Lewis v. Peoples Sav. & Loan Ass'n*, 463 S.W.2d 284, 287 (Tex. Civ. App.—Austin 1971, writ ref'd n.r.e.).

We held in *In re Coppola* that, "ordinarily," a defendant is entitled to mandamus relief when a trial court erroneously prevents it from designating a responsible third party. 535 S.W.3d at 510. So it seems equitable and right—at least under these facts—that a plaintiff get the same relief when a trial court erroneously grants a defendant leave to so designate.

We conclude that Dawson has presented adequate grounds for relief by mandamus. Accordingly, without hearing oral arguments, we conditionally grant the writ. It shall issue only if the trial court fails to comply with this opinion. *See* TEX. R. APP. P. 52.8(c).

OPINION DELIVERED: June 22, 2018