**Judgement Vacated, Appeal Dismissed, Petition for Writ of Mandamus Dismissed, and Memorandum Opinion filed August 22, 2019.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-19-00303-CV

**LENNIE JACKSON, Appellant**

**V.**

**WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW, Appellee**

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1128290**

### NO. 14-19-00460-CV

**IN RE LENNIE JACKSON, Relator**

**ORIGINAL PROCEEDING**

**WRIT OF MANDAMUS**

## MEMORANDUM OPINION

Lennie Jackson appeals from a final judgment in favor of Wells Fargo, N.A., as Trustee for the MASTR Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW ("Wells Fargo") in a forcible detainer case. Jackson also filed a petition for writ of mandamus asking this court to compel the Honorable LaShawn A. Williams to vacate the judgment and the writ of possession as void. Wells Fargo filed a motion to dismiss the appeal as moot because Jackson is no longer in possession of the property. The motion was taken with the appeal, and the appeal and the original proceeding were consolidated. We grant the motion to dismiss, vacate the judgment, dismiss the appeal, and dismiss the petition.

### BACKGROUND

On February 22, 2007, John and Dorothy Merritt executed a deed of trust to secure a home equity extension of credit. The Merritts defaulted under the terms of the loan and security instrument, foreclosure proceedings were initiated, and Wells Fargo purchased the property at a non-judicial foreclosure sale. On January 2, 2019, Wells Fargo sent written notice to vacate the premises and demand for possession to the Personal Representative of John Merritt and Dorothy Merritt and/or All Occupants of the subject property.

On January 22, 2019, after the property was not vacated, Wells Fargo filed an original petition for forcible detainer in justice court. Jackson was an occupant of the property. Wells Fargo alleged that it is the owner of the property through a trustee's deed and the defendants and all occupants, who resided on the property prior Wells Fargo's acquisition of the property, continued to reside on the property.

On February 6, 2019, the justice court signed a default judgment for Wells Fargo because the defendants did not answer or appear in the case. That same day,

2

Jackson filed a "Statement to Dismiss for Lack of Jurisdiction," asserting that the justice court lacked jurisdiction over the forcible-detainer action because a case seeking to void the deed of trust was pending in federal district court. The next day, Jackson filed a notice of appeal to the county civil court at law, in which he stated that he was in the clerk's office when the case was called.

The trial court held a de novo non-jury trial on March 28, 2019, and signed a final judgment in favor of Wells Fargo and ordered that a writ of possession issue if the property was not vacated by April 8, 2019. Jackson filed a motion to set aside the final judgment on the ground that it is void due to lack of jurisdiction, alleged fraud on the court, and alleged criminal acts of counsel for Wells Fargo. The trial court held a hearing and denied the motion on the record.

Jackson filed an appeal from the final judgment. Wells Fargo, in turn, filed a motion to dismiss the appeal as moot, contending that this court has no jurisdiction over the appeal because Jackson did not adequately supersede the judgment and Wells Fargo had executed a writ to enforce the judgment and obtained possession of the property. Jackson subsequently filed a petition for writ of mandamus, asking this court to compel the trial court to set aside its writ of possession as void. We consolidated the appeal and the original proceeding.

## APPEAL

As an initial matter, we address Wells Fargo's argument in its motion to dismiss that the appeal is moot because Jackson did not file a supersedeas bond, the writ of possession was executed, and Wells Fargo has possession of the property.

A case becomes moot if a controversy ceases to exist between the parties at any stage of the proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). A case is moot when the

3

court's action on the merits cannot affect the parties rights or interests. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). When a case becomes moot, the court loses jurisdiction and cannot hear the case, because any decision would constitute an advisory opinion. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Heckman*, 369 S.W.3d at 162.

The only issue in a forcible-detainer action is the right to actual possession of the premises. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). "An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Id.* at 787.

A judgment in a forcible-detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. Tex. Prop. Code § Ann. 24.007. If a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises. *Marshall*, 198 S.W.3d at 786.

Jackson did not file supersedeas bond. Jackson's failure to supersede the judgment does not divest Jackson of his right to appeal the trial court's judgment of possession. *See Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). However, if the defendant in a forcible-detainer action is no longer in possession of the premises, then an appeal is moot unless the defendant asserts a "a potentially meritorious claim of right to current, actual possession of the [premises]." *Id.* (quoting *Marshall*, 198 S.W.3d at 787).

Jackson's suit pending in federal court contesting title does not prevent the trial court in the forcible-detainer action from determining that Wells Fargo has a

superior right to immediate possession of the property. *See id.* The pendency of Jackson's suit in federal court in which he claims title to the property does not prevent this forcible-detainer action from proceeding or provide a potential basis for a claim by Jackson that he is entitled to current, actual possession of the property. *See id.* at 769.

Because Jackson is no longer in possession of the property and he does not assert a potentially meritorious of right to current, actual possession of the property, Jackson's appeal is moot. *See id.* We grant the motion to dismiss, vacate the trial court's judgment, and dismiss the appeal as moot. *See Marshall*, 198 S.W.3d at 790; *Wilhelm*, 349 S.W.3d at 769.

## MANDAMUS

In his petition for writ of mandamus, Jackson asserts that the trial court did not have jurisdiction to issue a judgment or a writ of possession because Jackson's action concerning title to the property was pending in federal court and Wells Fargo's attorneys tampered with record in the appeal from the justice court to the trial court. Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam).

For the same reasons discussed above, Jackson's request for mandamus relief is also moot. That is, Wells Fargo executed the writ of possession, Jackson is no longer in possession of the property, and Jackson has not asserted. a potentially meritorious of right to current, actual possession of the property. *See Wilhelm*, 349 S.W.3d at 769. Jacksons' petition for writ of mandamus is dismissed for lack of jurisdiction.

5

## CONCLUSION

We grant Wells Fargo's motion to dismiss the appeal, vacate the trial court's judgment, and dismiss appeal. We also dismiss the petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Jewell and Hassan.