**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00013-CV

---

### IN RE TUAN DANG, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-73529**

---

## MEMORANDUM OPINION

On January 11, 2021, relator Tuan Dang filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to conduct an oral hearing and

rule on relator's motion to reinstate or, alternatively, vacate the March 12, 2020 order dismissing the underlying case for want of prosecution. We deny the petition.

## Background

Relator sued Tamara Patterson for damages purportedly sustained in a motor vehicle accident. The trial court issued a docket control order, on March 6, 2019, setting the pretrial conference for January 6, 2020, and the trial for January 21, 2020. On January 3, 2020, relator filed his first agreed motion for continuance of the trial setting and docket control order deadlines, and Patterson filed a certificate declaring she was not ready for trial.

On January 8, 2020, the trial court signed an order establishing new dates for the formal pretrial conference on March 2, 2020, the status conference on March 12, 2020, and the trial setting for the two-week period beginning March 16, 2020.

In a February 28, 2020 email, the trial court coordinator advised the parties that their March 2, 2020 pretrial conference would not be held:

> Your Pretrial Conference **will *not*** be held on Monday, March 2, 2020 at 1:30 p.m. That is, you need not appear on Monday, March 2, 2020 at 1:30 p.m. for Pretrial Conference, in the 165th Civil District Court.

> Instead, your Pretrial Conference will *either* be rescheduled on a future date to be provided by the Court, or be held on your assigned trial date, if it has not already been held or further pretrial conferencing appears necessary.

On March 11, 2020, Judge Michael Gomez, the Civil Administrative Judge, issued a joint statement advising that the civil district courts in Harris County would not be calling any jury trials for the remainder of March 2020, and each court would exercise its discretion on a case-by-case basis regarding bench trials. The following

2

day, the trial coordinator informed the parties that their March 12, 2020 status conference was canceled:

> Today's scheduled status conference will be canceled due to the order issued regarding trials set March, 2020 (Please see the attached).
>
> **Your trial will be reset accordingly. Notice will be sent to counsel of record**.

Also, on March 12, 2020, the trial court signed an order dismissing relator's case for want of prosecution:

> For failure to comply with the Notice Dated 01-08-2018/TRCP 165A. this [sic] cause is ordered dismissed for want of prosecution. Costs of court are assessed against the plaintiff(s).

Relator filed a motion to reinstate on July 29, 2020, and a supplemental brief in support of his motion to reinstate on August 4, 2020. The hearing was noticed for September 17, 2020. According to relator, the trial court passed the hearing and has not ruled on relator's motion to reinstate.

### Analysis

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that he lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). Relator asserts that the trial court abused its discretion by failing to hold a hearing and rule on his motion to reinstate.

Pursuant to Rule 165a, the trial court may dismiss a case for want of prosecution due to the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). The

3

clerk shall send notice of the trial court's intention to dismiss and the date and place of the dismissal hearing to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file. *Id.* When the trial court signs the dismissal order, the clerk shall give notice to the parties or their attorneys of record by first class mail. Tex. R. Civ. P. 306a(3).

Generally, a party must file a motion to reinstate within thirty days of the judgment dismissing the case for want of prosecution. Tex. R. Civ. P. 165a(3). However, if a party adversely affected by the final judgment or order has not receive the required notice or acquired actual notice of the order within twenty days after it has been signed, then the period for determining the trial court's plenary power— hence the time period in which to file a motion to reinstate—shall begin on the date that the party received notice or actual notice of the signed order. Tex. R. Civ. P. 306a(4). However, no such period shall begin more than ninety days after the order was signed. *Id.* The adversely affected party must prove the date on which he or his attorney first received notice or acquired actual knowledge of the order. Tex. R. Civ. P. 306a(5). If the party proves the date he received notice or acquired knowledge of the judgment was within twenty to ninety days of the date the judgment was signed, then the time for filing the post-judgment motions and the trial court's plenary power to rule on the motions run from the date of notice or actual knowledge. Tex. R. Civ. P. 306a(4).

Relator did not file his motion to reinstate on or by thirty days from March 12, 2020, the date the court signed the dismissal order. Thus, the trial court's plenary jurisdiction over the dismissal order expired April 11, 2020, absent compliance with rule 306a.

4

Relator states that he filed his motion to reinstate on July 29, 2020, after he first became aware of the dismissal order. However, it is the burden of the adversely affected party to invoke and establish the applicability of rule 306a. Relator did not assert in the trial court and has not asserted in this court that he did not receive notice or acquire actual knowledge of the order within twenty days of March 12, 2020. Relator merely states in his petition that he filed his motion to reinstate "[w]hen counsel for relator became aware of the dismissal for want of prosecution." Therefore, the provisions of rule 306a, which extend a trial court's plenary power, do not apply in this case, and the trial court's plenary power expired thirty days after the trial court had signed the dismissal order. *See* Tex. R. Civ. P. 306(5); *In re Mikooz Mart*, No. 05-19-01355-CV, 2019 WL 6696035, at *2 (Tex. App.—Dallas Dec. 9, 2019, orig. proceeding) (mem. op.). To the extent relator lacked official notice or actual knowledge of the dismissal order, relator's failure to comply with rule 306a means the deadline by which to file a motion to reinstate was not extended. *See Mikooz Mart*, 2019 WL 6696035, at *2.

Relator further asserts that the trial court abused its discretion by not holding a hearing on his motion to reinstate. Rule 165a requires the trial court to set a hearing on the motion to reinstate as soon as practicable and notify all parties or their attorneys of record of the date, time, and place of the hearing. Tex. R. Civ. P. 165a(3). However, given that the trial court no longer had plenary jurisdiction over the case when relator filed his motion to reinstate, the trial court did not abuse its discretion by failing to conduct a hearing on relator's motion.

Relator further contends that the trial court abused its discretion by not ruling on his motion to reinstate. Ruling on a properly pending motion is a ministerial act.

*Safety-Kleen Corp. v. Garcia*, 945 S.W.3d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).  To obtain mandamus relief for failing to rule on his motion to reinstate, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time.  *See In re Thompson*, No. 14-14-00247-CV, 2014 WL 1482486, at *1 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, orig. proceeding) (mem. op.).

If the trial court does not rule on the motion, then it is overruled by operation of law 75 days after the judgment is signed.  Tex. R. Civ. P. 165a(3).  Moreover, in the absence of plenary power, the trial court had no duty to rule on relator's motion to reinstate.  Therefore, the trial court did not abuse its discretion by not ruling on relator's motion to reinstates.

## Conclusion

Relator has not established that he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.