**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 13, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00413-CV

---

## IN RE WL & D VENTURES, LLC D/B/A MASSAGE HEIGHTS, MASSAGE HEIGHTS FRANCHISING, LLC, MASSAGE HEIGHTS, LP, MASSAGE HEIGHTS HOLDINGS, LLC, AND TODD DICK, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-61192**

---

## MEMORANDUM OPINION

On June 13, 2023, relators WL & D Ventures, LLC d/b/a Massage Heights, Massage Heights Franchising, LLC, Massage Heights, LP, Massage Heights Holdings, LLC, and Todd Dick ("relators") filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators asks this Court to compel the Honorable C. Elliott Thornton,

presiding judge of the 164th District Court of Harris County, to vacate the trial court's May 15, 2023 order denying relators' motion to designate responsible third party. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

The underlying case involves an alleged sexual assault by a massage therapist employed at a Massage Heights location on September 22, 2019. On September 21, 2021, one day before the statute of limitations on her claim expired, the real party in interest, Jane Doe (proceeding pseudonymously), sued the relators for negligence and negligent infliction of emotional distress. Doe served relators with her lawsuit on September 28 and 29, 2021, which was after limitations expired.

The trial court signed a docket control order on September 28, 2022, establishing, among other dates, a joinder deadline of February 24, 2023, and a trial date of July 24, 2023.

On January 9, 2023, relators filed a motion for leave to designate massage therapist Glenn Davis as a responsible third party pursuant to Sections 33.004 and 33.011 of the Texas Civil Practice and Remedies Code.[1] The motion stated that "Davis' alleged sexual assault of [Doe] caused and/or contributed to" Doe's alleged injuries. On January 24, 2023, Doe objected to relators' motion as untimely pursuant to Section 33.004(d) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 33.004(d). Doe asserted that "the statute of limitations expired on September 22, 2021," the case was "on file for one

---

[1] Relators filed their motion for leave to designate responsible third party 196 days before the July 24, 2023 trial setting.

year and four months" before relators filed their motion, and "[Relators] had a duty to timely disclose their intention to designate Glenn Davis as a responsible Third Party, and they did not." In reply, relators asserted that their motion for leave to designate a responsible third party was timely filed and that the statute of limitations does not bar designating Glenn Davis as a responsible third party.

On May 15, 2023, the trial court denied relators' motion. This mandamus followed.

## ANALYSIS

### A. STANDARD OF REVIEW

In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam) (internal quotation omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law. *Id.*

### B. RESPONSIBLE THIRD PARTY

Texas Civil Practice and Remedies Code chapter 33 governs the designation of a responsible third party. "Responsible third party" is defined as

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably

3

dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6). Motions to designate responsible third parties "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem Code § 33.004(a). Section 33.004(d) sets forth an exception to this rule applicable when the defendant files a motion to designate after the statute of limitations has expired. "Thus, under chapter 33, an identifiable responsible third party generally must be identified at least sixty days before trial and before the statute of limitations period runs on that person." *In re VC PalmsWestheimer, L.L.C.*, 615 S.W.3d 655, 661 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding). If a motion for leave to designate a known individual as a responsible third party is filed after the statute of limitations period ran for that person, the movant must have complied with any previously existing obligations to identify that person. *See id.*

The trial court is required to grant leave to designate the known individual as a responsible third party unless another party files an objection to the motion for leave within fifteen days of service of the motion. Tex. Civ. Prac. & Rem. Code § 33.004(f). However, a timely objection only prevents the trial court from granting leave if the objecting party establishes that the defendants "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure" after having been granted leave to replead. *Id.* § 33.004(g). The designation of a responsible third

party is automatic when the trial court grants a motion for leave to designate. *Id.* § 33.004(h).

**C.    Trial court abused its discretion by denying relators' motion for leave to designate responsible third party**

In their petition, relators maintain the trial court abused its discretion by denying their motion to designate responsible third party without providing defendants an opportunity to replead, arguing that (1) relators filed the motion more than sixty days before trial and (ii) relators had no obligation to disclose the massage therapist as a potential responsible third party before the statute of limitations expired.

In her response to the petition for writ of mandamus, Doe concedes that relators' motion for leave to designate responsible third party "cannot be denied on the basis of timeliness."  Nonetheless, Doe contends that the trial court's order denying the motion should be upheld because relators failed to plead sufficient facts in their motion.[2] *See* Tex. Civ. Prac. & Rem. Code § 33.004(g).

Additionally, without a request from this Court, respondent (the trial judge) filed a response to this mandamus.  Respondent claims that she "did not penalize the [relators] for not responding prior to the statute running" because relators were not made aware of the lawsuit prior to the running of the statute limitations.  Respondent, however, opines that she thought relators delayed in filing their motion to join the responsible third party.

---

[2]  In her objection filed with the trial court, Doe's only argument was relators' motion was untimely.

"The filing of a petition near or after the expiration of the statute of limitations does not prevent a defendant from moving for leave to designate a responsible third party." *VC PalmsWestheimer, LLC*, 615 S.W.3d at 662; *see also In re Bustamante*, 510 S.W.3d 732, 736–37 (Tex. App.—San Antonio 2016, orig. proceeding) (reversing denial of motion to designate when suit was filed one day before the statute of limitations expired). A defendant's failure to disclose a potential responsible third party before limitations expires is the natural consequence of a plaintiff's "decision to wait to file suit until limitations were nearing terminus." *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 785 (Tex. 2020) (orig. proceeding).

Here, it is undisputed that relators could not have timely disclosed the potential responsible third party before the statute of limitations period ran because relators were not served with the lawsuit until after limitations had expired; thus, section 33.004(d) does not deprive relators of their right to designate Davis as a responsible third party. *See id*. at 787. Relators' failure to disclose the responsible third party before limitations expired was not the result of "the gamesmanship concerns section 33.004(d) operates to prevent." *See id*. at 785. Instead, it "was the natural consequence of" Doe's "decision to wait to file suit until limitations were nearing terminus." *See id*.

To the extent Doe now argues that relators' motion failed to contain sufficient facts (which was not argued by the real party in her objection filed in the underlying trial court), Doe is mistaken. Relators' motion contained sufficient facts to support their request to designate Glenn Davis as a responsible third party. *See* Tex. Civ. Prac. & Rem. Code § 33.011(6). Specifically, relators alleged that

Glenn Davis is a responsible party because "Davis' alleged sexual assault of [Doe] caused and/or contributed to the alleged injuries to [Doe]" for which recovery of damages is sought. Relators pled sufficient facts for the trial court to determine that there is a reasonable probability that the alleged actions of Glenn Davis were improper. *See* Tex. Civ. Prac. & Rem. Code § 33.004(g).

In sum, the trial court's docket control order provided a deadline to join parties (including responsible third parties) of February 24, 2023. Relators' motion to designate was filed January 9, 2023, which was within the deadline set by the trail court in its docket control order. Relators were entitled to rely on the deadlines in the trial court's docket control order. Respondent erred by disregarding the docket control order and retroactively imposing a new deadline—a deadline only known by respondent—and denying relators' motion as "untimely." We conclude respondent's denial of relators' motion to designate responsible third party was an abuse of discretion.

## CONCLUSION

Relators have established that they are entitled to mandamus relief. Accordingly, we conditionally grant relators' petition for writ of mandamus, and we direct the trial court to vacate its May 15, 2023 order denying relators' motion to designate responsible third party. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.