**Motion Denied; Petition for Writ of Mandamus Denied and Opinion filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-24-00167-CV

## IN RE ALYSSA ABRAMSON AND LASER GIRL MED SPA LLC, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-74201**

## OPINION

On March 6, 2024, relators Alyssa Abramson and Laser Girl Med Spa LLC filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Latasha Payne, presiding judge of the 55th District Court of

Harris County, to vacate the trial court's January 26, 2024 order denying relators' motion to dismiss pursuant to Section 74.351(b) of the Texas Civil Practices & Remedies Code.

On March 11, 2024, relators filed a motion to stay the underlying proceedings pending resolution of their petition for writ of mandamus.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam). In this case, relators had a right to immediate appellate review of the order denying relators' motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (authorizing interlocutory appeal from order that "denies all or part of the relief sought by a motion under Section 74.351(b)")). The trial court signed the order denying relators' motion to dismiss on January 26, 2024. Relators' notice of interlocutory appeal was due twenty days thereafter—by February 15, 2024. *See* Tex. R. App. P. 26.1(b). Relators did not file an interlocutory appeal. Instead, relators filed this petition for writ of mandamus on March 6, 2024. A petition for writ of mandamus cannot be used as a substitute for an interlocutory appeal. *See In re Fontaine*, No. 12-17-00400-CV, 2018 WL 720802, at *3-4 (Tex. App.—Tyler Feb. 6, 2018, orig. proceeding) (mem. op.) (citing cases). Because an interlocutory appeal would have afforded relators an adequate appellate remedy, mandamus is not appropriate. *See In re Lanier*, No. 14-19-00918-CV, 2019 WL 6317781, at *1 (Tex. App.—Houston [14th Dist.] Nov. 26, 2019, orig. proceeding) (mem. op.) (per curiam); *In re Rent-*

2

*a-Center*, No. 14-15-00450-CV, 2015 WL 3979089, at *1 (Tex. App.—Houston [14th Dist.] June 30, 2015, orig. proceeding) (mem. op.) (per curiam); *In re Smart Call, LLC*, No. 14-13-00225-CV, 2013 WL 1197900, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, orig. proceeding) (mem. op.) (per curiam).

Relators have not established that they are entitled to mandamus relief. Accordingly, we deny relators' petition for writ of mandamus. We also deny relators' motion to stay.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Hassan and Wilson.