**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and Majority and Dissenting Opinions filed January 16, 2025.**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-24-00087-CV

---

### IN RE GOOGLE, LLC

---

**ORIGINAL PROCEEDING**
**Midland County, Texas**

---

---

### NO. 15-24-00090-CV

---

### IN RE GOOGLE, LLC

---

**ORIGINAL PROCEEDING**
**Victoria County, Texas**

---

## DISSENTING OPINION

For over a century, no rule of procedure was ever written or construed to authorize oral depositions of "the State of Texas." Until recently, no one ever tried. I would not recognize such an innovation here. Every topic sought in the proposed deposition must be disclosed under Rule 194 *without* a request from anyone, *without* any work-product objection, and *without* subjecting "the State" or its attorneys to cross-examination under oath.[1] Since Google has other adequate legal remedies without this unprecedented deposition, I would deny relief.

### I.      The text of Rule 199

The Court orders "the State" to be deposed when it appears as a party, postponing the scope and parameters of such depositions for further litigation. But neither the text nor the history of Rule 199 support such an extraordinary development in Texas law.

### A.      Rule 199.1: "any person or entity"

The Court orders a deposition of the State because Rule 199 "by its very terms" provides that a party may take the testimony of "any person or entity."[2] But the use of the word "any" here is ambiguous in scope and breadth; it can mean "a" (*I don't have any choice*), "some" (*I don't have any more witnesses*), or "every" (*any lawyer should know that*). Yet we "must avoid taking literalism too literally and adopting a wooden construction foreclosed by the legal text's context."[3] In the

---

[1]      *See* TEX. R. CIV. P. 194.

[2]      *Ante* at 5 (citing TEX. R. CIV. P. 199.1(a).

[3]      *Point Energy Partners Permian, LLC v. MRC Permian Co.*, 669 S.W.3d 796, 808 (Tex. 2023) (brackets omitted); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 356 (2012) ("Adhering to the *fair meaning* of the text . . . does not limit one to the hyperliteral meaning of each word in the text.").

context here, "any" cannot mean "every" because there have always been rules barring many kinds of depositions an eager attorney might request.

For example, Texas law does not allow a party to depose apex officials,[4] or opposing counsel,[5] or consulting experts,[6] or persons facing criminal charges on the same facts,[7] at least not without prior proof of necessity or some other exception. The general rule stated in Rule 199 has never been construed to overrule these and other specific historical exceptions to it.[8] For 60 years, the predecessors of current Rule 199 specifically said so; oral depositions of "any party and any witness" have been authorized by statute since 1919, but always subject to an explicit reservation for other legal rules that might apply:

> The testimony of any witness, and of any party to a suit, by oral deposition and answer may be taken in any civil case in any of the District and County Courts of this State, in any instance where *depositions are now authorized by law to be taken*.[9]

This limitation to depositions "now authorized by law" was carried forward

---

[4]    *See In re Am. Airlines, Inc.*, 634 S.W.3d 38, 40 (Tex. 2021) (orig. proceeding) (prohibiting deposition of high-level corporate officials without prior showing of unique or superior personal knowledge of discoverable information).

[5]    *See, e.g.*, *In re Baptist Hosps. of Se. Tex.*, 172 S.W.3d 136, 145 (Tex. App.—Beaumont 2005, orig. proceeding) ("[C]ompelling a deposition of the opposing party's attorney of record concerning the subject matter of the litigation is inappropriate under most circumstances.").

[6]    TEX. R. CIV. P. 192.3(e) ("The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable.").

[7]    *See* U.S. CONST. AMEND. V; TEX. CONST. art. I, § 10; *see also In re Peters*, 699 S.W.3d 307, 310 (Tex. 2024) (holding privilege against self-incrimination "prevails over the civil justice system's needs" unless it is "perfectly clear" information sought "cannot possibly have [any] tendency to incriminate").

[8]    *See Ditech Servicing, LLC v. Perez*, 669 S.W.3d 188, 194 (Tex. 2023) ("[T]he specific controls over the general.").

[9]    Act of Feb. 17, 1919, 36th Leg., R.S., ch. 5, § 2, 1919 Tex. Gen. Laws 5, 5 (emphasis added).

verbatim into Rule 199 when the rules of civil procedure were first adopted in the 1940s.[10] It was dropped 65 years later in 1984,[11] not to adopt a rule that anything goes,[12] but simply to recognize the obvious: Rule 199's general rule for depositions does not override all other specific rules limiting them.[13] This is a case of first impression precisely because no one ever thought for almost 100 years that the ordinary meaning of "any person or entity" in Rule 199 meant "Texas" or its attorneys could be routinely deposed.

### B.    Rule 199.2: "governmental agency" or "other organization"

To bolster this expansive reading of Rule 199.1, the Court cites a list in Rule 199.2 of legal entities that must designate a representative for a party deposition. But nothing in that list compares to "the State":

> The notice must state the name of the witness, which may be either an individual or a **public or private corporation, partnership, association, governmental agency, or other organization**. If an organization is named as the witness, the notice must describe with reasonable particularity the matters on which examination is requested. In response, the organization named in the notice must - a reasonable time before the deposition - designate one or more individuals to testify on its behalf and set forth, for each individual designated, the matters on which the individual will testify.

TEX. R. CIV. P. 199.2(b)(1) (emphasis added). Google argues that the State falls within the terms "governmental agency" or "other organization." The Court declines

---

[10]    *See* TEX. R. CIV. P. 199, 4 Tex. B.J. 489, 518 (1940) ("The testimony of *any witness and of any party* to a suit may be taken in any civil case in any district or county court of this State by oral deposition and answer *in any instance where depositions are now authorized to be taken.*" (emphasis added)).

[11]    Order of Dec. 5, 1983, 47 Tex. B.J. 16, 28 (eff. April 1, 1984).

[12]    *See, e.g., Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 559 (Tex. 2015) (holding that repeal replaces prior law with silence, not with the opposite policy).

[13]    *See* TEX. GOV'T CODE § 311.026(b) ("Special or Local Provision Prevails Over General"); *Ditech Servicing*, 669 S.W.3d at 194.

to address the former but agrees with the latter. I disagree with both.

*First*, the State of Texas is sui generis. It is not a single agency or organization, consisting instead of three departments, each separate from the others, and none of which "shall exercise any power properly attached to either of the others."[14] Under this constitutional separation of the State's governmental powers, exceptions "are never to be implied in the least" but "must be expressly permitted by the Constitution itself."[15] Officers of each department are independently elected by the people, and nothing requires them to have the same party affiliation or priorities. The State's Executive department does not speak for the Legislature,[16] and neither the Legislative nor the Executive departments supplant the Judicial department's duty to say what the law is.[17] This division of State powers and election of all their officers ensures that State government is of, by, and for the people of Texas. In such an arrangement, it is hard to say who should testify for "the State."

Nor is the State a "governmental agency." As the Supreme Court recently noted, a suit filed "on behalf of *the state*" is not a suit filed "on behalf of a governmental subdivision or agency."[18] The State *is* the government, not an *agency* of the government. As the Restatement says, an agency relationship "arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf."[19] The same entity cannot serve as both a

---

[14]    TEX. CONST. art. II, § 1.

[15]    *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 570 (Tex. 2013).

[16]    *Perry v. Del Rio*, 67 S.W.3d 85, 93 (Tex. 2001).

[17]    *See In re Texas House of Representatives*, 2024 WL 4795397, at *1 (Tex. Nov. 15, 2024). (holding legislative committee's authority to compel testimony does not include the power to override a judicially scheduled execution).

[18]    *State v. Shahan*, 658 S.W.3d 300, 303–04 (Tex. 2022).

[19]    RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006).

5

principal and an agent; and without both, there is no agency. The Code Construction Act (which the Court notes) defines "person" to include many of the same legal entities listed in Rule 199.2—but specifically *adds* "government" to the list.[20] If that Act applies to the court rules of procedure (which I doubt), it illustrates what the Supreme Court specifically *left out* of Rule 199.2: the State government.

Nor is the State swept into Rule 199 by the catchall phrase "other organization." When specific items in a list "are followed by a catchall 'other,' the doctrine of ejusdem generis teaches that the latter must be limited to things like the former."[21] "Texas" is not like a corporation, partnership, association, governmental agency, or other organization; it is the whole ball of wax. Unlike any "other organizations" in Rule 199, the State has the powers of the purse and of the sword, enjoys broad immunity from suit and liability, and answers to the people alone rather than a subgroup of them.

The first clause of the Texas Constitution declares, "Texas is a free and independent State, subject only to the Constitution of the United States."[22] I would not subject "the State" to depositions under oath at the beck and call of any counterparty, at least not without something more explicit than we have in Rule 199. Suits by or against a state administrative agency or a state officer in an official capacity are different, because in those cases there is a person who can testify or

---

[20] *Compare* TEX. GOV'T CODE § 311.005(2) ("'Person' includes [a] corporation, organization, **government** or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." (emphasis added)), *with* TEX. R. CIV. P. 199.2(b)(1) (providing for deposition of "an individual or a public or private corporation, partnership, association, governmental agency, or other organization").

[21] *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015); *see also U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 606 (Tex. 2008) (holding that under noscitur a sociis canon, courts cannot "ascribe to one word a meaning so broad that it is inconsistent with its accompanying words").

[22] TEX. CONST. art. I, § 1.

appoint someone to do so on the agency's behalf. But in suits by or against the State, there is only the State itself and its legal counsel. I would not hold that Rule 199 by implication or accident answers the question before us here.

## II.    The Attorney General's Role in Enforcement Actions

The Court's construction of Rule 199 ignores another critical rule of construction that will create a host of problems. The Office of the Attorney General ("OAG") has constitutional and statutory duties to represent the State in hundreds of cases as a *party* and as *counsel*. Adding a requirement that it testify as a *witness* on behalf of the State by oral deposition will create professional conflicts that would make it impossible for OAG to fulfill those duties.

### A.    Attorney General as party *and* as trial counsel

Several hundred state laws authorize the Attorney General to "bring an action" to enforce the statutes and collect civil penalties.[23] That includes the DTPA and the CUBI, the two statutes here.[24] In such cases, OAG acts in dual capacities: as *trial counsel*, and as a *party*, even though it asserts the rights of private citizens rather than its own.[25]

As one of the six executive officers of the State listed in the Texas Constitution,[26] the Attorney General has standing to sue on behalf of the State as a

---

[23]    *See, e.g.*, TEX. AGRIC. CODE §§ 41.1011, 76.156, 122.359; TEX. BUS. & COM. CODE §§ 15.21, 17.953, 20.11, 21A.003, 72.004, 72.051, 74.006, 93.010, 107.005, 114.0104, 302.302, 321.107, 324.102, 501.002, 521.151; TEX. BUS. ORG. CODE §§ 9.052, 21.802, 140A.101; TEX. EDUC. CODE §§ 12.122, 312.155; TEX. ELEC. CODE § 18.065; TEX. FAM. CODE §§ 33.012, 261.107; TEX. FIN. CODE § 89.102; TEX. TRANSP. CODE §§ 111.058, 548.6015.

[24]    *See* TEX. BUS. & COM. CODE §§ 17.47 (providing consumer protection division of the OAG "may bring an action in the name of the state"), 503.001(d) ("The attorney general may bring an action to recover the civil penalty.").

[25]    *Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 424–25 (Tex. 2007).

[26]    *See* TEX. CONST. art. IV, § 1.

party. In *Farmers Group, Inc. v. Lubin*, the Supreme Court of Texas held that a statute authorizing the Attorney General "to bring an action" for enforcement "appears to authorize attorneys general to file suit in their own right," since "it is a *party* who brings a case, not its attorney." 222 S.W.3d 417, 424 (Tex. 2007). The Texas disciplinary rules recognize that government lawyers often exercise legal duties ordinarily reposed in parties rather than their attorneys.[27]

Yet the Attorney General also has constitutional and statutory duties to act as the attorney for the State. OAG has a statutory duty to "prosecute and defend all actions in which the state is interested" in the appellate courts,[28] and a constitutional duty to do the same in the Texas Supreme Court.[29] While no general statute authorizes the OAG to represent the State in trial courts, the Legislature has repeatedly authorized it to "bring" suits like this enforcement action.[30]

In its dual capacity as counsel and party, OAG must follow the rules applicable to both. "When the state becomes a litigant in the courts it must observe and is bound by the same rules of procedure that bind all other litigants, *except where special provision is made to the contrary*."[31] Special provisions have been made for the State for issues like supersedeas,[32] offers of settlement,[33] and interlocutory appeals.[34] In *Lubin*, the Supreme Court held that special provision must also be made

---

[27]   TEX. DISCIPLINARY RULES PROF'L CONDUCT, preamble cmt. 13.

[28]   TEX. GOV'T CODE § 402.021.

[29]   *See* TEX. CONST. art. IV, § 22 ("The Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party").

[30]   *See El Paso Elec. Co. v. Tex. Dept. of Ins.*, 937 S.W.2d 432, 438 (Tex. 1996).

[31]   *Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 7 (Tex. 1974) (quoting *Tex. Co. v. State*, 281 S.W.2d 83, 90 (Tex. 1955) (emphasis added)).

[32]   *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 6.001; TEX. R. APP. P. 29.1.

[33]   *See* TEX. R. CIV. P. 167.1(c).

[34]   TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

to harmonize the OAG's dual roles, so that court rules are not "applied in a way that renders [OAG] actions impossible, a result that would frustrate the Legislature's intent."[35]

The statute in *Lubin* authorized the OAG to bring a "class action" asserting unlawful insurance practices.[36] The Court held that did not require OAG to recruit private policyholders to meet legal requirements of typicality "in the traditional sense," as that could introduce conflicts between the private and public claimants and "inevitably restrict the broad discretionary power attorneys general need to carry out their constitutional duties."[37] Instead, "the typicality, adequacy, and other prerequisites for all class actions must be applied to the *damage claims* asserted by an attorney general, rather than to that official personally."[38] As the Court concluded, it would be absurd to apply procedural rules to the OAG in a way that would make it impossible for it to comply with its substantive legal duties: "Class actions were designed in part to ensure law enforcement by private attorneys general; it would be absurd to construe them to prevent the same kind of suit by a real attorney general."[39]

## B.     Attorney General as party, as trial counsel, *and* as witness

The Court's opinion complicates this accommodation by construing Rule 199 to require the OAG to act in a third capacity: as a *witness* at an oral deposition of the State. This problem does not generally arise in suits by or against a state administrative agency or a state officer in an official capacity, because in those cases there is a person who can testify or appoint someone to do so on the agency's behalf.

---

[35]     *See* 222 S.W.3d at 420.

[36]     *See id.*

[37]     *Id.* at 425.

[38]     *Id*. at 426 (emphasis added).

[39]     *Id*. at 427 (internal footnote omitted).

But in suits by or against the State, there is only the State itself and its legal counsel at OAG. And under the Texas Disciplinary Rules, an attorney cannot act as both trial counsel and a witness in the same case. Rule 3.08 provides:

> A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client.[40]

Nor can an attorney weaponize this rule by calling opposing counsel to testify as a witness: "A tribunal should not permit a lawyer to call opposing trial counsel as a witness unless there is a compelling need for the lawyer's testimony."[41]

Several important policies support this long-standing rule. Cross-examination is inherently confrontational, and unlikely to foster the professionalism needed to keep antagonism in bounds. As the Supreme Court recently affirmed, "Pointing the finger at opposing counsel results in palpable harm by undermining the basic premise that a trial provides impartial and equal justice."[42] At worst, it can invite a shift in the focus of litigation from which lawyer's arguments are correct to which lawyer is a liar. Lawyers cannot always verify under oath all contentions and legal theories that zealous advocacy may require them to assert.[43] Testimony by trial counsel also blurs the line between witnesses (who speak from personal knowledge) and legal counsel (who speak from what they have been told).[44]

---

[40]     TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a). The rule contains exceptions for uncontested issues, formalities, legal fees, and substantial hardship that do not apply here. An exception for a lawyer to act as trial counsel "appearing pro se" does not apply because the Attorney General is acting in different capacities as a party (a designated state executive for bringing suit) and trial counsel).

[41]     RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 108(4) (2000).

[42]     *Alonzo v. John*, 689 S.W.3d 911, 914 (Tex. 2024).

[43]     TEX. DISCIPLINARY RULES PROF'L CONDUCT, preamble ¶ 3.

[44]     RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 108(4) cmt. 4.

This problem cannot be cured by requiring the OAG to hire someone outside that office to testify under oath regarding the State's contentions, facts, and claims. Those are the constitutional and statutory legal duties of the OAG—whose head is accountable to the voters—and cannot be handed over to unaccountable outsiders. The OAG may retain outside attorneys to represent the State, but only if the Attorney General approves;[45] this decision and the extra costs it may impose are not among the routine powers delegated to the courts. And since the rule barring lawyers from testifying as witnesses applies to all lawyers in the same firm,[46] if one OAG lawyer testifies as a witness for the State the rest may be barred as well.

Google claims it seeks to depose the OAG not in its "role as counsel" but only "as the agency that received any consumer complaints." [Pet. at 25-26] But the OAG is not merely a receptacle for complaints; like any other lawyers, it must analyze and decide how to act on them. Google also argues that attorneys help clients prepare for "virtually all corporate representative depositions." But trial attorneys usually cannot volunteer to testify in their client's place. Requiring opposing counsel to testify under oath is simply different from other discovery responses.

This problem likely extends far beyond enforcement actions. This Court has exclusive intermediate appellate jurisdiction of suits "challenging the constitutionality or validity of a state statute or rule" in which "the attorney general is a party to the case."[47] But if every "party" can be deposed, every litigant challenging the validity of a state statute or rule can now depose the OAG or force its attorneys to withdraw. This will soon get out of hand.

---

[45] TEX. GOV'T CODE § 402.0212.

[46] TEX. DISCIPLINARY RULES PROF'L CONDUCT, R. 3.08(c).

[47] TEX. GOV'T CODE § 22.220(d)(2).

## III. The Alternate Solution

The discovery rules themselves provide a solution for special cases like deposing "the State." While the permissible forms of discovery "may be taken in any order or sequence,"[48] the rules also provide that any discovery tool may be limited if the same information "is obtainable from some other source that is more convenient, less burdensome, or less expensive."[49] Creating a conflict requiring OAG attorneys to recuse themselves in state litigation or risk their bar licenses would be burdensome, and frustrating the Legislature's chosen agent to enforce many of the State's laws is worse than "inconvenient."

Google says it seeks only "non-privileged matters such as the State's contentions and the underlying facts." [Reply br. at 12] These are precisely the topics for which Rule 194 mandates immediate and full disclosure at the outset of a case.[50] The State assures us it has "never argued that Google will be unable to depose the State's trial witnesses" [Resp. Br. at 24] and concedes that Google may obtain the requested information through "other avenues of discovery, such as interrogatories, including contention interrogatories, requests for production, and depositions of witnesses with knowledge of the facts." [Resp. Br. at 30]

Requiring Google to pursue answers to mandated disclosures rather than skipping ahead to an oral deposition would avoid several problems. *First*, it avoids any conflict between OAG's various capacities, as disclosures are not signed by a

---

48      TEX. R. CIV. P. 192.2(b).

49      *Id*. R. 192.4(a).

50      *See id*. R. 194.2(b) & cmt. 2. Specifically, Google sought to depose the State on numerous topics that duplicate the initial disclosures required by Rule 194, including the State's (1) legal theories, (2) factual bases of claims or defenses, (3) calculation of penalties and damages, (4) anticipated witnesses, (5) anticipated testifying experts, and (6) supporting documents [MR89–90].The deadline was 30 days after Google's answer was due, which was over a year ago. *Id*.

party or attorney under oath but by a party's attorney "to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry."[51] *Second*, it avoids all work-product disputes, as the disclosure rules do not permit them.[52] *Third*, they do not estop or bind the State in future cases, as the disclosures are "not admissible and may not be used for impeachment."[53]

Google says the State's disclosures have been inadequate. If so, that "would be an abuse of the discovery process,"[54] and justify the trial court in compelling full disclosure … or barring introduction of evidence that should have been disclosed.[55] If a trial court fails to order full and adequate disclosures, an appellate court can.[56] Due to these available legal remedies which Google apparently has yet to pursue, I would hold that it is not entitled to mandamus relief.

## IV.   Conclusion

We must construe court rules to avoid potential constitutional problems,[57] including those that make it impossible for the OAG to fulfill its constitutional and statutory duties to enforce of the State's laws. Because the Court's opinion appears likely to multiply these constitutional problems in future cases, I respectfully dissent.

---

[51]    *See id.* R. 191.3(b).

[52]    *Id.* R. 193.5.

[53]    *Id*. R. 194.6; *cf*. TEX. GOV'T CODE § 402.004 ("An admission, agreement, or waiver made by the attorney general in an action or suit to which the state is a party does not prejudice the rights of the state.").

[54]    TEX. R. CIV. P. 194, cmt. 1.

[55]    *Id*. R. 193.6(a).

[56]    *See, e.g., In re Dawson*, 550 S.W.3d 625, 630 (Tex. 2018) (orig. proceeding).

[57]    *See Abbott v. Harris Cnty*., 672 S.W.3d 1, 16 (Tex. 2023).

13

          <u>/s/ Scott Brister</u>

          Scott Brister
          Chief Justice

Before Chief Justice Brister and Justices Field and Jones.*

* Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).