**Stay Lifted and Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed May 24, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-24-00289-CV

---

## IN RE WILLIAMS BROTHERS CONSTRUCTION CO., INC. AND LUIS FLORES, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-35388**

---

## MEMORANDUM OPINION

On April 19, 2024, relators Williams Brothers Construction Co., Inc. and Luis Flores filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Dawn Rogers, presiding judge of the 334th District Court of Harris County, to vacate the trial court's March 19, 2024 "Order Granting

Plaintiff's Objections to and Motion to Quash Defendants' Notice of Depositions with Subpoena Duces Tecum and Plaintiff's Motion for Protective Order."

This Court requested the real party in interest, Savannah Power, file a response to relators' petition for writ of mandamus by May 20, 2024. To date, the real party in interest has not filed a response.

On May 8, 2024, we granted relators' motion for temporary relief and stayed the underlying trial setting.

For the reasons set forth below, we conditionally grant mandamus relief.

### BACKGROUND

RPI filed suit against relators alleging personal-injury damages caused by a motor-vehicle accident that occurred on November 18, 2019. RPI's pleadings and deposition testimony show that she relies on her physical, mental, or emotional condition as part of her claims for economic and noneconomic damages against relators. *See* Tex. R. Evid. 509(e)(4); id. 510(d)(5). Additionally, relators rely on RPI's physical, mental, or emotional condition as part of their defenses to RPI's claims for economic and noneconomic damages. *See id.*

On April 22, 2022, relators requested, *via* a notice of depositions with subpoena duces tecum, RPI's medical records from healthcare providers who have treated RPI for her claimed injuries and damages, including RPI's former psychiatrist, Richard Barrett M.D., Ph.D. On May 20, 2022, RPI filed objections to and a motion to quash relators' notice of intent to take deposition by written questions as well as a motion for protective order, maintaining RPI's mental health records are outside the scope of discovery and asserting that RPI would not claim

2

that the accident cause her post-traumatic stress disorder. RPI's objections and motions were not set for hearing or submission.

In February 2024, relators filed a notice of hearing. On March 9, 2024, relators filed their response in opposition to RPI's motion to quash and a response RPI's motion for protective order. The trial court conducted a hearing on March 13, 2024. Thereafter, the parties filed letter briefs further arguing their respective positions to the trial court.

On March 19, 2024, the trial court signed an "Order Granting Plaintiff's Objections to and Motion to Quash Defendants' Notice of Depositions with Subpoena Duces Tecum and Plaintiff's Motion for Protective Order." In the order, the trial court concluded that the custodians of records for Richard Barrett, M.D., Ph.D., "shall not be deposed . . . and shall not produce the requested documents." The trial court's order noted the following:

> On March 13, 2024, Plaintiff's counsel stated on the record that Plaintiff will not introduce a (1) diagnosis of PTSD (a condition for which she is treated by Dr. Barrett), (2) that she is not seeking past paid medical bills for this provider, and (3) that she treated with this provider prior to the wreck. Defendant, however, is not precluded from examining Plaintiff during the trial on the issue of mental anguish unless an exclusionary ruling is made on this issue during the pre[-]trial conference.

This mandamus followed.

## STANDARD OF REVIEW

In their petition for writ of mandamus, relators assert that the trial court abused its discretion in quashing a subpoena duces tecum seeking discovery of

3

medical records critical to relators' ability to adequately defend against RPI's claims seeking economic and noneconomic damages. Relators contend that they have no adequate remedy by appeal.

To obtain mandamus relief, relators generally must show both that the trial court clearly abused its discretion and that relators have no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam).

## "PATIENT-CONDITION EXCEPTIONS"

On May 10, 2024, the Texas Supreme Court issued an opinion addressing the applicability of the patient-litigation exception to the physician-patient and mental-health-information privileges. *See In re Richardson Motorsports, Ltd.*, No. 22-1167, ___S.W.3d.___, 2024 WL 2096555 (Tex. May 10, 2024) (orig. proceeding); *see also* Tex. R. Evid. 509(e)(4), 510(d)(5). "The privilege against disclosure of medical and mental health care treatment records does not apply 'if any party relies on the patient's physical, mental, or emotional condition as a part of the party's claim or defense and the communication or record is relevant to that condition.'" *Id*. at *3 (quoting Tex. R. Evid. 509(e)(4), 510(d)(5)). "To recover such damages, a plaintiff must provide 'evidence of the nature, duration, and severity of [her] mental anguish.'" *Id*. & n.1 (quoting *Gregory v. Chohan*, 670

4

S.W.3d 546, 554 (Tex. 2023) (plurality op.) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)).  The Supreme Court specifically outlined steps a trial court should take when, as here, confronted with such arguments regarding whether a patient's mental condition is part of a party's defense:

> [the trial court] should begin by examining the pleadings and then, if necessary, consider the allegedly privileged records.   More specifically, when a party raises a patient-condition exception as a basis for discovering allegedly privileged records, disputed questions for the trial court to consider may include: (1) whether the patient consulted a physician or other professional and claims that the records of that consultation are privileged, thus indicating that the "diagnosis, evaluation, or treatment" of a "physical, mental, or emotional condition" or "disorder" may be at issue; (2) whether the pleadings indicate that a party "relies on" such a condition as "part of" its claim or defense; and (3) whether an in camera review of the records confirms that they address such a condition and shows that the professional's records are "relevant to" the relied-upon condition. *See* Tex. R. Evid. 509(c)(2), (e)(4), 510(a)(1)(A), (b)(1)(B), (d)(5).

*Id*. at *9.

In this case, RPI's mental or emotional conditions are part of her claim.  As such, RPI cannot invoke the privilege to shield her mental health care records relevant to her condition from discovery. *See id*. at *7.  Additionally, relators rely on RPI's mental or emotional condition as part of their defense that her anguish had pre- and post-accident causes. *See id*. at *9.  Consequently, the privileges RPI asserts do not prevent discovery of her mental health care treatment records relevant to those conditions. *See id.* at *12.  The trial court abused its discretion by granting RPI's motion to quash and protecting Dr. Barrett from deposition and his

records from disclosure.  We conclude that relators have no adequate remedy by appeal.

## CONCLUSION

We conditionally grant relators' petition for writ of mandamus, direct the trial court to vacate its March 19, 2024 order, and instruct the trial court to conduct further proceedings in accordance with *Richardson Motorsports*.  *See id*.  We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to do so.  Additionally, our May 8, 2024, order staying the trial is lifted.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.