# Supreme Court of Texas

No. 24-0073

In re Office of the Attorney General,

*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Justice Young did not participate in the decision.

This mandamus petition is the latest proceeding arising out of a 2020 Whistleblower Act suit brought by four former employees against the Office of the Attorney General. OAG seeks mandamus relief, asserting that the trial court abused its discretion by ordering depositions of the Attorney General and three of his senior subordinates after OAG elected in a pleading "not to dispute the Plaintiffs' lawsuit as to any issue" and, instead, to "consent[] to the entry of judgment" for plaintiffs. OAG contends those concessions mean there are no remaining disputed issues of fact and, thus, no further discovery is warranted. Alternatively, it asserts the only remaining fact issue is the amount of plaintiffs' damages, for which the requested depositions would not be relevant. While we agree with the former employees that

OAG's concessions do not preclude *all* discovery, we agree with OAG that the trial court abused its discretion in ordering the depositions of these four witnesses without considering that the only fact issue on which those witnesses are likely to provide information—OAG's liability under the Whistleblower Act—is now uncontested. We therefore conditionally grant the requested relief.

**I**

Four former OAG employees—James Blake Brickman, J. Mark Penley, David Maxwell, and Ryan M. Vassar—sued the OAG in November 2020, alleging that the agency violated the Whistleblower Act. *See* TEX. GOV'T CODE §§ 554.001-.010. Their live petition alleges that they were unlawfully retaliated against by their employer after making a good-faith report to the FBI of their collective belief that Attorney General Ken Paxton had violated the law. OAG initially denied the allegations and moved to dismiss the lawsuit under Texas Rule of Civil Procedure 91a, asserting that OAG was immune and that plaintiffs failed to allege a valid claim under the Whistleblower Act. *See Off. of Att'y Gen. v. Brickman*, 636 S.W.3d 659, 663 (Tex. App.—Austin 2021, pet. denied). The trial court denied the Rule 91a motion, OAG appealed, and the court of appeals affirmed. *Id.* at 679. While OAG's petition for review was pending in this Court (in Case No. 21-1027), the parties entered into a Mediated Settlement Agreement. On the parties' joint motion, we abated the case in February 2023 and instructed the parties to notify the Court "about any changes in status in the settlement proceedings." Notably, the settlement agreement states that it "is contingent upon all necessary approvals for funding."

2

The Texas Legislature adjourned its 2023 regular session without approving funding for the settlement. Instead, the Texas House of Representatives impeached Paxton, based on some of the same allegations of wrongful conduct that formed the basis for the Whistleblower Act claims. *See* Articles of Impeachment, 88th Leg., R.S., H.R. 2377 (adopted May 27, 2023). Paxton was tried by the Texas Senate in September 2023 and ultimately acquitted. *See* TEX. SENATE, JUDGMENT (Sept. 16, 2023), https://senate.texas.gov/_assets/coi/docs/Judgment-Court-of-Impeachment-Warren-Kenneth-Paxton-Jr.pdf. After lifting the abatement in Case No. 21-1027, this Court denied OAG's petition for review.

Back in the trial court,[1] plaintiffs moved to compel the depositions of Paxton and three OAG employees—Brent Webster (the Attorney General's first assistant), Lesley French Henneke (the Attorney General's chief of staff), and Michelle Smith (a senior advisor to the Attorney General). The trial court granted the motion and ordered the parties to confer on deposition dates. The order stated that if the parties could not agree on scheduling, "any party may notify the Court of the impasse and request a supplemental order setting specific dates and times for these depositions." OAG filed a petition for writ of mandamus, arguing (1) the parties' settlement agreement was binding and enforceable despite the lack of legislative funding and (2) the ordered

---

[1] Before returning to the trial court, OAG sought and obtained an ex parte temporary restraining order from a different court enjoining plaintiffs from litigating their claims or engaging in discovery in the underlying lawsuit. After a hearing, however, that court denied OAG's request for a temporary injunction, the TRO expired, and OAG nonsuited its claims.

depositions violated Texas's limitations on apex depositions.[2] The court of appeals denied relief. This Court denied OAG's subsequent mandamus petition along with its request for a temporary stay, with two justices dissenting in part.

Shortly after the Court denied that petition, however, OAG amended its answer in the trial court. OAG now "affirmatively answers that it elects not to dispute the Plaintiffs' lawsuit as to any issue and consents to the entry of judgment." Although the amended answer contains numerous affirmative statements that refute the factual allegations in the live petition and insist that plaintiffs' claims are "baseless and they would fail," OAG's answer nevertheless states that it "consent[s] to the entry of judgment in this matter to the extent of the statutory limitations of the Texas Whistleblower Act."

About an hour after OAG filed its amended answer, plaintiffs notified the trial court that the parties were unable to agree on deposition dates and asked the court to set the four depositions for particular dates, as contemplated by the court's previous order. The next day, the trial court signed a "Supplemental Order" setting each of the four witnesses' depositions for dates in February 2024. OAG responded by filing a combined motion for entry of judgment and to vacate the supplemental order. The trial court denied OAG's request to

---

[2] *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127-28 (Tex. 1995) (defining apex depositions as depositions of "a corporate officer at the apex of the corporate hierarchy" and announcing guidelines for addressing such deposition requests).

4

vacate its supplemental order on the depositions.[3] OAG sought mandamus relief in the court of appeals, which was denied. ___ S.W.3d ___, 2024 WL 308011 (Tex. App.—Austin Jan. 26, 2024). OAG then sought mandamus relief and a stay of the trial court's supplemental order in this Court.

## II

Our rules authorize discovery requests for information that is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). Permissible discovery requests are limited to those that "show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). In addition, discovery "should be limited" if the burden or expense of the requested discovery outweighs its likely benefit, taking into account such factors as "the needs of the case," "the importance of the issues at stake in the litigation," and "the importance of the proposed discovery in resolving the issues." TEX. R. CIV. P. 192.4; *see also In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021) (describing Rule 192.4 as imposing a "proportionality standard"); *In re State Farm Lloyds*, 520 S.W.3d 595, 599 (Tex. 2017) ("Reasonableness and its bedfellow, proportionality, require a case-by-case balancing of jurisprudential considerations, which is informed by factors the discovery rules identify as limiting the scope of discovery . . . .").

---

[3] The trial court later denied OAG's motion for entry of judgment, which asked the trial court to "enter judgment on Plaintiffs' sole claim under the Texas Whistleblower Act," subject to the trial court's entry of a final judgment following the court's determination of "damages, including attorneys' fees." That ruling is not before us in this proceeding, and we express no opinion on it.

5

A party is entitled to mandamus relief when it demonstrates that the trial court clearly abused its discretion and the party lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018). A trial court abuses its discretion by "ordering discovery that exceeds that permitted by the rules of procedure." *CSX Corp.*, 124 S.W.3d at 152. The responding party has no adequate remedy by appeal if the discovery order "compels production beyond the permissible bounds of discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009).

## III

OAG argues that the trial court abused its discretion in ordering the depositions of the Attorney General and three senior employees because either there are no remaining disputed issues of fact or, alternatively, the only remaining fact issue is the amount of plaintiffs' damages, an issue on which OAG contends the requested depositions would shed no light. Plaintiffs respond that further discovery is needed because, despite OAG's amended answer and its motion to enter judgment in plaintiffs' favor, plaintiffs must still prove the validity of their claims with evidence to obtain a judgment. Regardless of whether OAG's amended answer eliminates plaintiffs' need or desire to present evidence in support of a judgment, OAG's unambiguous statements that it will not dispute any issue in the lawsuit and consents to the entry of a judgment on liability in plaintiffs' favor unquestionably alters the analysis as to whether the requested depositions "show a reasonable expectation of obtaining information that will aid the dispute's resolution," *CSX Corp.*, 124 S.W.3d at 152, and whether the burden or

6

expense of sitting for those depositions "outweighs [their] likely benefit," TEX. R. CIV. P. 192.4(b). When, as here, the scope of the dispute is narrowed, the trial court must *re*-evaluate the need, likely benefit, and burden or expense of any requested discovery in light of the change in the dispute's scope. We conclude that the trial court abused its discretion by failing to consider how the narrowing of the scope of the remaining disputed fact issues to include only damages affected the need, likely benefit, and corresponding burden or expense of the requested discovery before issuing an order compelling the depositions.

Plaintiffs complain that OAG's amended answer does not admit fault and, instead, contains numerous statements that appear to contest the validity of plaintiffs' claims. But the legal effect of the answer in this lawsuit is clear: OAG no longer disputes liability on any issue alleged by plaintiffs and consents to the entry of a judgment in plaintiffs' favor. We need not decide the precise effect of OAG's amended answer on plaintiffs' need to present evidence to obtain a judgment. For purposes of this proceeding, what matters is that OAG's agreement to a finding of liability makes it significantly less likely that testimony from these four witnesses is needed to resolve any remaining factual dispute. Information sought regarding a fact issue that will not be contested at trial will not "aid the dispute's resolution" and therefore is not discoverable. *See CSX Corp.*, 124 S.W.3d at 152.

OAG's amended answer likewise alters the proportionality analysis in which courts must engage. In its motion to vacate the trial court's supplemental order compelling the depositions, OAG argued that preparing for these depositions would distract the deponents from

7

"managing 4,200 employees and the over 30,000 active cases the State of Texas is currently litigating." In light of OAG's amended answer and its concession that it will not contest "any issue" regarding liability, it appears that the requested deposition testimony would not advance the needs of the case or have importance in resolving the remaining issues in dispute. At a minimum, any such needs or importance appear to be significantly outweighed by the depositions' burdens, which have not been contested by plaintiffs. *See* TEX. R. CIV. P. 192.4(b); *K & L Auto Crushers*, 627 S.W.3d at 253. In any event, there is no indication on this record that the trial court considered the effect of OAG's amended answer on whether the requested depositions were relevant and proportional.

Plaintiffs advance two additional arguments why ordering the depositions was not an abuse of discretion, neither of which is convincing. First, plaintiffs argue that these depositions are necessary because the Whistleblower Act is "aimed at 'ferreting out government mismanagement to protect the public.'" *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 184 (Tex. 2022) (quoting *Neighborhood Ctrs. Inc. v. Walker*, 544 S.W.3d 744, 748 (Tex. 2018)). Whether we agree with plaintiffs that this is the Act's "fundamental purpose," it does not give courts license to exceed their authority to resolve actual cases and controversies before them. *See Morrow v. Corbin*, 62 S.W.2d 641, 644 (Tex. 1933) ("'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision."); *cf. Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) ("Our adversary system of

8

justice generally depends 'on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present.'" (alteration in original) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008))); *Greenlaw*, 554 U.S. at 244 ("[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties." (alteration in original) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring))). Whatever the purpose of the Whistleblower Act may be, it does not alter our longstanding rules limiting discovery in court proceedings to information that is reasonably expected to aid the dispute's resolution and further limiting it where the burden of the discovery outweighs the likely benefit in the litigation. Notably, all the factors that courts must consider under Rule 192.4(b)—"the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues"—relate to the litigation itself, not to non-litigation objectives that might be advanced by pressing discovery.

Similarly, plaintiffs' claim that the Government Code gives the state auditor "access to all records pertaining to the suit" under the Whistleblower Act, TEX. GOV'T CODE § 554.010(b), does not support their assertion that the depositions should be allowed regardless of their relevance to the lawsuit's resolution. Nothing in this statute suggests that courts should abandon ordinary limitations on discovery to ensure

9

that information some might find useful will be made public by its inclusion in the court's records.

Second, plaintiffs contend that without this discovery, they will be unable to obtain "effective" relief. As they correctly note, collection of a money judgment in their favor will require an appropriation from the Legislature. *See Tex. Dep't of Hum. Servs. v. Green*, 855 S.W.2d 136, 145 (Tex. App.—Austin 1993, writ denied) (noting that a successful Whistleblower Act plaintiff "must still request a legislative appropriation to collect the damages awarded him"). According to plaintiffs, the Governor and members of the Legislature have expressed a desire to hear from these witnesses before deciding whether to appropriate funds. But discovery requested as part of the litigation process is not proper simply because it might be used for legislative purposes. *See Morath v. Tex. Taxpayer & Student Fairness Coal.*, 490 S.W.3d 826, 853 (Tex. 2016) ("Courts should not sit as a super-legislature."). Information is discoverable if it is relevant to pending litigation, and a discovery request must be directed at information that "will aid the dispute's resolution"—i.e., the dispute before the court. If, as plaintiffs assert, the Legislature will be unsatisfied with the trial court's judgment and whatever evidence was presented in support of that judgment, the Legislature has at its disposal the means to obtain additional information. *See, e.g.*, TEX. GOV'T CODE § 301.024(a) ("A general investigating committee may issue process to compel the attendance of witnesses and the production of books, records, documents, and instruments required by the committee."). It does not need the courts to impose discovery obligations

10

in a lawsuit where the parties' pleadings have rendered the information sought incapable of resolving a disputed issue or made the discovery requests disproportionate.

## IV

Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant the petition for writ of mandamus and order the trial court to vacate the Supplemental Order Setting Time and Place of Depositions signed on January 19, 2024. We are confident the trial court will comply, and our writ will issue only if it does not.

**OPINION DELIVERED:** November 22, 2024

11